## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| _____ | |
| DR. ANTHONY W. CZARNIK,       ) | |
|       ) | |
|       Plaintiff,       ) | |
|       ) | |
|       v.       ) | Civil Action No. 1:05-CV-400-JJF |
|       ) | |
| ILLUMINA, INC.       ) | |
|       ) | |
|       Defendant.       ) | |
| _____) | |

## **MEMORANDUM IN SUPPORT OF ILLUMINA'S MOTION TO DISMISS**

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801
(302) 888-6800

Mark A. Pals, P.C.
Marcus E. Sernel
Stephen T. Webb
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

*Counsel for Illumina, Inc.*

Dated:  August 4, 2005

## TABLE OF CONTENTS

I.      NATURE AND STAGE OF THE PROCEEDING............................................................2

II.     STATEMENT OF FACTS .................................................................................................3

III.    LEGAL STANDARDS ......................................................................................................4

IV.     ARGUMENT ......................................................................................................................4

        A.      Czarnik Has No Standing To Assert Any Of The Counts In His Complaint
                Because He Has No Interest In The Underlying Patents. ........................................5

        B.      Count II Should Be Dismissed Because Czarnik Has No Legal Basis To
                Seek Correction Of Inventorship Of Pending Patent Applications. ........................8

        C.      Count III Should Be Dismissed Because Czarnik Does Not Have Standing
                To Seek A Declaration of Unenforceability Under The Declaratory
                Judgment Act. ........................................................................................................9

        D.      Czarnik's Fraud Claim (Count IV) Must Be Dismissed Because It Does
                Not Allege A Cognizable Injury-In-Fact Caused By The Alleged Fraud. ............13

V.      CONCLUSION.................................................................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Aetna Life Ins. Co. v. Haworth*,
    300 U.S. 227, S.Ct. 461 L.Ed. 617 (1937).................................................... 12

*Airport Surface Techs., L.L.C. v. FieldTurf, Inc.*,
    268 F. Supp.2d 999 (N.D. Ill. 2003) .................................................... 9

*Barrister v. Wendy's Int'l, Inc.*,
    1993 WL 293896 (E.D.Pa. July 30, 1993).......................................... 4

*Black & Decker Inc. v. Robert Bosch Tool Corp.*,
    371 F. Supp. 2d 965 (N.D. Ill. 2005) ...................................... 10, 12

*BP Chems. Ltd. v. Union Carbide Corp.*,
    4 F.3d 975 (Fed.Cir.1993) ................................................... 10, 11

*Browne v. Robb*,
    583 A.2d 949 (Del. 1990) ................................................... 13

*Cardinal Chem. Co. v. Morton Int'l Inc.*,
    508 U.S. 83 S.Ct. 1967, 124 L.Ed.2d 1 (1993)............................. 10

*Chou v. University of Chicago*,
    254 F.3d 1347 (Fed. Cir. 2001)......................................... 7, 8

*Ciro, Inc. v. Gold*,
    816 F. Supp. 253 (D. Del. 1993) ...................................... 4

*Cole v. Gummow*,
    No. 3-02-CV-0705-BD(P), 2003 WL 22455387 (N.D. Tex. Oct. 22, 2003)............. 6, 7, 8

*Eli Lilly and Co. v. Aradigm Corp.*,
    376 F.3d 1352 (Fed. Cir. 2004)......................................... 9

*Enzo Life Sciences, Inc. v. Digene Corp.*,
    295 F. Supp.2d 424 (D. Del. 2003)...................................... 4

*Exxon Chem. Patents, Inc. v. Lubrizol Corp.*,
    935 F.2d 1263 (Fed. Cir. 1991).......................................... 12

*Fina Research, S.A. v. Baroid Ltd.*,
    141 F.3d 1479 (Fed. Cir. 1998)......................................... 10

*GAF Bldg Mat'ls Corp. v. Elk Corp. of Dallas*,
    90 F.3d 479 (Fed. Cir. 1996)......................................... 11, 12

*Kucharczyk v. Regents of University of California,*
   48 F. Supp.2d 964 (N.D. Cal. 1999) ........................................................ 6, 7

*L.G. Philips LCD Co., Ltd. v. Bovio,*
   C.A. No. 11076-RCL (D. Mass. Transcript Jan. 10, 2005) ........................ 6, 7, 8

*Lujan v. Defenders of Wildlife,*
   504 U.S. 555 (1992) ........................................................................................ 5

*Mortensen v. First Federal Savings and Loan,*
   549 F.2d 884 (3d Cir.1977) ............................................................................. 4

*Sicom Systems Ltd. v. Agilent Tech., Inc.,*
   2003 WL 22834499 (D. Del. Nov. 20, 2003) .................................................. 4

*Sierra Club v. Morton,*
   405 U.S. 727 (1972) ........................................................................................ 4

*Spectronics Corp. v. H.B. Fuller Co., Inc.,*
   940 F.2d 631 (Fed. Cir. 1991),
   *cert. denied* 502 U.S. 1013 S.Ct. 658, 116 L.E.2d 749 (1991) .................... 10

*Steel Co. v. Citizens for a Better Environment,*
   118 S.Ct. 1003 (1998) ..................................................................................... 6

*Stephenson v. Capano Develop., Inc.,*
   462 A.2d 1069 (Del. 1983) .............................................................................. 13

*Super Sack Mfg. Corp. v. Chase Packaging Corp.,*
   57 F.3d 1054 (Fed. Cir. 1995) ...................................................................... 10, 11

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.,*
   140 F.3d 478 (3rd Cir. 1998) ........................................................................ 4

*Univ. of Colorado Foundation v. American Cyanamid Co.,*
   196 F.3d 1366 (Fed. Cir. 1999) ...................................................................... 8

*Warner Comm'ns. v. Murdoch,*
   581 F.Supp. 1482 (D. Del. 1984) .................................................................... 14

**Statutes and Rules**

28 U.S.C. § 2201 ........................................................................................................ 10

35 U.S.C. § 116 ..................................................................................................... 2, 8, 9

35 U.S.C. § 256 ...................................................................................................... passim

Fed.R.Civ.P. 12(b)(1) ................................................................................ 2, 4, 8, 9, 10, 11

Fed.R.Civ.P. 12(b)(6) ........................................................................................... 2, 4

Plaintiff Anthony Czarnik's complaint may tell a disparaging (and one-sided) story about his checkered employment history and ultimate departure from Defendant Illumina, but it does not state any cognizable claims under the law. Courts have routinely dismissed claims like those alleged by Czarnik, and dismissal is also the correct result here.

Czarnik's complaint is a paradigm of inconsistency. In Counts I and II, Czarnik seeks to correct inventorship of patents and patent applications in which he has no recognizable interest -- no ownership interest, no financial interest, and not even an allegation that he would have received any consideration from Illumina if he had been named as a co-inventor. In Count III, Czarnik then turns around and seeks a declaration that these same patents and applications are unenforceable for inequitable conduct, despite being under no threat of suit for infringement of the patents. Finally, in Count IV Czarnik seeks to turn these equitable claims into money damages by attempting to assert a fraud claim that contends Illumina somehow deceived Czarnik into believing that he had been named on these patents when he had not been. Not only are Czarnik's claims unorthodox, but he is not a proper plaintiff to assert them.

Czarnik, as a person with no ownership, financial or other pecuniary interest in the patents and applications he seeks to have "corrected," does not have standing to bring any of the claims he asserts. There is no dispute that Czarnik was employed by Illumina when the inventions underlying the patents and applications were conceived, and that Czarnik was under an obligation to assign to Illumina any interests he had in these inventions. Article III of the United States Constitution requires, at a minimum, that a plaintiff allege an "actual injury" in order to have standing to bring any claim. Courts have applied this rule to require that a plaintiff seeking to correct inventorship actually have some ownership or financial interest in the patent, and these courts have dismissed correction of inventorship claims where this prerequisite to

standing is lacking.  Moreover, this Court does not have jurisdiction, either constitutionally or statutorily, to correct inventorship as to the pending patent applications of Count II -- this is solely the province of the United States Patent and Trademark Office.  Czarnik also cannot pursue a claim for inequitable conduct in Count III because he does not have standing to assert the defense of inequitable conduct; he does not allege, nor could he, that he is under any apprehension of suit under the patents in order to invoke declaratory judgment jurisdiction. Finally, Czarnik's fraud claim in Count IV fails for much the same reason as his earlier claims -- he alleges no injury due to the fraud that is recognizable under the law.

Czarnik does not have the requisite interest in the patents, and thus standing, to pursue any of the claims he asserts in his complaint.  Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant Illumina respectfully moves to dismiss Czarnik's complaint.

## I.      NATURE AND STAGE OF THE PROCEEDING

On June 15, 2005, Czarnik filed this action against Illumina alleging that he is a joint inventor of the Illumina patents and various pending U.S. and foreign patent applications. Czarnik seeks (1) correction of inventorship of the Illumina patents pursuant to 35 U.S.C. § 256 by adding Czarnik's name thereto; (2) a declaratory judgment that Czarnik is a joint inventor of the pending U.S. and foreign patent applications pursuant to 35 U.S.C. § 116; (3) a declaratory judgment that the Illumina patents and pending U.S. patent applications are unenforceable based on inequitable conduct; and (4) an award of compensatory and punitive damages based on common law fraud allegations.  The Court granted Illumina's agreed motion to extend the deadline to answer or otherwise plead until August 4, 2005.  Illumina thus files this motion to dismiss in response to Czarnik's complaint.

2

## II.    STATEMENT OF FACTS

Because Illumina's motion to dismiss is a facial attack on Czarnik's complaint, all of Czarnik's one-sided allegations must be taken as true.  But even Czarnik's recitation of the "facts" does not spell out a single cognizable claim against Illumina.  Czarnik's allegations are noteworthy in that:

- Czarnik does not allege any ownership interest in any of Illumina's patents or in any of Illumina's pending U.S. or foreign patent applications;

- Czarnik does not allege any financial interest in any of Illumina's patents or in any of Illumina's pending U.S. or foreign patent applications;

- Czarnik does not allege any particular facts as to any harm he has suffered to his reputation by virtue of not being named as a co-inventor on the patents and pending applications, nor does he allege any pecuniary consequences relating to any such reputational harm;

- Czarnik does not allege that he has been accused of infringing Illumina's patent rights, nor does he allege that he otherwise has any reasonable apprehension of being sued under Illumina's patents;

- Czarnik does not allege that any delay in his discovering that he was not named on the patents and pending applications has caused him any harm; and

- Czarnik does acknowledge that he has been named on several patent applications assigned to Illumina in which he did make an inventive contribution.

Consideration of these "facts" -- acknowledged either expressly or by omission in Czarnik's complaint -- dictate that this motion should be granted.  Illumina will, if and when necessary, prove that many of Czarnik's other allegations are false.[1]  But, as discussed below, Czarnik's claims fail even considering his spurious allegations as true and drawing all inferences in his favor.

---

[1]    For example, while Czarnik claims that he is a co-inventor of the so-called "nanocrystal" invention in his complaint, the email attached as Exhibit A to this motion makes very clear that this is untrue, as admitted by Czarnik himself.  *See* Ex. A (wherein Czarnik admits that he did not contribute to the conception of the nanocrystal invention).

3

## III.    LEGAL STANDARDS

Dr. Czarnik's complaint, on its face, fails to allege proper grounds for subject matter jurisdiction in this Court and should therefore be dismissed pursuant to Rule 12(b)(1). *See Mortensen v. First Federal Savings and Loan*, 549 F.2d 884, 891 (3d Cir.1977) (noting that a Rule 12(b)(1) motion can take two forms (1) a facial attack or (2) a factual attack). When reviewing a facial attack, as here, the court considers the allegations of the complaint as true, making all reasonable inferences in the plaintiff's favor. *Id. See also Barrister v. Wendy's Int'l, Inc.*, 1993 WL 293896, at *3 (E.D.Pa. July 30, 1993).  But, "[t]o survive a motion to dismiss, a party must have standing to sue, *i.e.* it must have 'a sufficient stake in an otherwise justiciable controversy.'"  *Sicom Systems Ltd. v. Agilent Tech., Inc.*, 2003 WL 22834499 at *1 (D. Del. Nov. 20, 2003) (*quoting Sierra Club v. Morton*, 405 U.S. 727, 731 (1972)).

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) should be granted where, as here, "no relief could be granted under any set of facts consistent with the allegations of the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3rd Cir. 1998).  While the court is entitled to accept all well pled facts as true, "legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness." *Ciro, Inc. v. Gold*, 816 F. Supp. 253, 257 (D. Del. 1993).  Moreover, a court need not accept "bald assertions" or "legal conclusions" when assessing whether a complaint is sufficient to survive a motion to dismiss.  *Enzo Life Sciences, Inc. v. Digene Corp.*, 295 F. Supp.2d 424, 427 (D. Del. 2003).

## IV.    ARGUMENT

Czarnik's four counts are fatally flawed because he has no standing to bring them.  He seeks to correct inventorship on patents and applications in which he has no interest (ownership, financial, or other pecuniary).  He seeks to have the patents declared unenforceable when he is

under no reasonable apprehension of suit to seek such a declaration. And he seeks to assert fraud claims when he alleges no real injury stemming from the fraud. For the reasons discussed below, all of these counts should be dismissed.

### A. Czarnik Has No Standing To Assert Any Of The Counts In His Complaint Because He Has No Interest In The Underlying Patents.

Czarnik's correction of inventorship claims under 35 U.S.C. § 256 should be dismissed because Czarnik has no constitutional standing to assert such a claim. And since Czarnik's fraud claim is similarly premised on his allegation that he was improperly excluded as an inventor of certain patents and patent applications, it also fails for lack of standing.

It is black-letter law that a plaintiff seeking to invoke the jurisdiction of a federal district court must demonstrate that he or she has "suffered an 'injury-in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations omitted). Therefore, even assuming for purposes of this motion that Czarnik was a joint inventor of the Illumina patents and applications, for Czarnik to have standing in the present case, he must demonstrate an injury-in-fact that is traceable to Illumina's failure to name him as an inventor.

Czarnik has not alleged any legally valid injury-in-fact. The complaint does not include any allegation that Czarnik has any ownership interest in the Illumina patents or the patent applications identified therein. The complaint likewise does not allege that Czarnik has any financial interest in being named a co-inventor on the patents or applications. Rather, Czarnik offers the bare and unsupported assertion that he has suffered damage to his reputation in general by not being named as a joint inventor. Specifically, Czarnik alleges that he has suffered damage to his "reputation and standing within the scientific community, eliminating the reputational

benefits associated with being named as an inventor, [and] a loss of prestige within the scientific community resulting from his inventions being recognized as another's…."  (Complaint, ¶ 153.) Importantly, however, Czarnik does not tie his alleged "loss of prestige" to any actual pecuniary consequence, such as lost employment opportunities or bonuses due to not being named as a co-inventor.  As such, these allegations undoubtedly fall short of what is required to have Article III standing to bring such claims.

Several district courts have held that the bare pleading of an injury to "reputational interest" is insufficient to confer standing on a party seeking to correct inventorship of a patent. For example, in *Cole v. Gummow*, the court dismissed a correction of inventorship claim for lack of subject matter jurisdiction where the plaintiff had assigned away all of his rights in the patent, rejecting an argument that an injury to reputational interest was enough to confer standing.  *See Cole v. Gummow*, No. 3-02-CV-0705-BD(P), 2003 WL 22455387 (N.D. Tex. Oct. 22, 2003). Likewise, the Northern District of California in *Kucharczyk v. Regents of University of California,* 48 F. Supp.2d 964, 975 (N.D. Cal. 1999) rejected an argument that inventors are inherently injured by incorrect inventorship because they derive pride from the enhanced reputation that inures with being named as an inventor.  *See Kucharczyk*, 48 F. Supp.2d at 975. In *Kucharczyk*, the court explained that "these assertions [of reputational-type injury] are seeking the kind of 'psychic satisfaction [that] is not an acceptable Article III remedy because it does not redress a cognizable Article III injury."  *Id.* at 975 (*quoting Steel Co. v. Citizens for a Better Environment*, 118 S.Ct. 1003, 1019 (1998)).  Finally, the District of Massachusetts recently dismissed a case for lack of subject matter jurisdiction, rejecting an argument that reputational injury alone could suffice for Article III standing in the context of inventorship claims.  *See*

*Transcript of Hearing on Motions* at 27-28 and 68, *L.G. Philips LCD Co., Ltd. v. Bovio*, C.A. No. 11076-RCL (D. Mass. Jan. 10, 2005) (attached as Ex. B).

The *Cole* and *L.G. Philips* decisions are especially noteworthy in that they came after, and expressly applied, the Federal Circuit's decision in *Chou v. University of Chicago*, 254 F.3d 1347 (Fed. Cir. 2001). *Chou* is widely recognized as having articulated the most expansive view of subject matter jurisdiction in the context of a correction of inventorship claim, holding that "an expectation of ownership of a patent is not a prerequisite for a putative inventor to possess standing to sue to correct inventorship under § 256." *Id.* at 1358[2]. Instead, the Federal Circuit held that since the plaintiff had a "concrete financial interest in the patent" -- specifically, a potential right to 25% of gross royalties and fees from licensing the patent -- this interest was enough to confer standing. In dicta, the Federal Circuit went on to consider, but not answer, the question of whether "reputational interest alone is enough to satisfy the requirements of Article III standing." *Id.* at 1359. On this question, the Federal Circuit stated that it was "not implausible" that the standing requirements might be satisfied by certain allegations of reputational injury, noting that "pecuniary consequences may well flow from being designated as an inventor." *Id.* However, courts that have since considered this dicta in *Chou*, including *Cole* and *L.G. Philips*, have refused to find standing based on allegations of injury to reputation.

This case law dictates that Czarnik's claims should be dismissed for lack of standing. Czarnik's allegations are wholly distinct from the holding of *Chou*, as Czarnik alleges neither an ownership nor a financial interest in the patents on which he seeks to be named an inventor.

---

[2] This holding disagreed with *Kucharczyk* insofar as the court in *Kucharczyk* stated that a claim of ownership of a patent was a necessary predicate for seeking to correct inventorship relating to that patent. The *Chou* holding does not, however, undermine the other discussion in *Kucharczyk* relating to the Article III requirements and the failure of mere injury to reputation or pride being enough to satisfy those requirements.

Czarnik's allegations are more akin to those in *Cole* and *L.G. Philips*, in which the courts dismissed inventorship-related claims that were premised on allegations of injury to reputational interest. And even if this Court were to follow the dicta in *Chou* relating to standing based on reputational injury, Czarnik's claims would still fall short because he alleges no "pecuniary consequences ... from [not] being designated as an inventor." *Chou*, 254 F.3d at 1359. The common thread of all of these cases is that there must be some identifiable pecuniary injury -- whether it flows directly from an ownership or contractual interest, or indirectly from a reputational interest. Czarnik has not alleged any such interest or injury, and thus he lacks standing to sue for correction of inventorship.

Having no recognizable interest in the patents and applications he seeks to correct, Czarnik lacks the requisite Article III standing with respect to Counts I and II. Moreover, it follows that Czarnik also lacks standing to bring his fraud claim (Count IV) that turns on the correction of inventorship issue. *See Chou*, 254 F.3d at 1361 (fraudulent nondisclosure claim turns on the status of an unnamed inventor as a true inventor) (citing *Univ. of Colorado Foundation v. American Cyanamid Co.*, 196 F.3d 1366, 1371-72 (Fed. Cir. 1999)). Accordingly, Counts I, II, and IV should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

> **B.    Count II Should Be Dismissed Because Czarnik Has No Legal Basis To Seek Correction Of Inventorship Of Pending Patent Applications.**

Even if Czarnik's allegations were enough to confer Article III standing for his claims, he would still lack any statutory basis to seek correction of inventorship of pending patent applications. While 35 U.S.C. § 256 governs claims to correct inventorship of *issued patents*, this section does not pertain to correction of inventorship on *pending patent applications*. Since the applicable section (§ 116) does not create any jurisdiction in federal court to address inventorship issues on pending patent applications, Count II must be dismissed.

In Count II, Czarnik claims that "pursuant to 35 U.S.C. § 116 … inventorship should be corrected" of the pending U.S. applications identified in the complaint.  (Complaint at ¶ 113.) But § 116, the "statutory locus of joint inventorship doctrine," *Eli Lilly and Co. v. Aradigm Corp.*, 376 F.3d 1352, 1358 (Fed. Cir. 2004), does not create jurisdiction over a correction of inventorship claim in federal court.  That point was made clear by the Federal Circuit in *Eli Lilly*: "The text of Section 116 … only grants the Director of the Patent and Trademark Office the authority to take certain actions ***and plainly does not create a cause of action in the district courts to modify inventorship on pending patent applications***." *Id.* at 1356 n.1 (emphasis added); *see also Airport Surface Techs., L.L.C. v. FieldTurf, Inc.*, 268 F. Supp.2d 999, 1003 (N.D. Ill. 2003) ("Section 116 does not explicitly create jurisdiction in the district courts to preside over [correction of inventorship claims with respect to pending patent applications].")

Under this black-letter law, the proper, and indeed only, forum in which Czarnik's claims as to Illumina's pending U.S. patent applications can be heard is the United States Patent and Trademark Office.  Thus, even if the Court had jurisdiction over Czarnik's claims as to the Illumina patents under § 256, it does not have jurisdiction as to the pending U.S. patent applications under § 116.  Accordingly, the Court must dismiss Czarnik's allegations under Count II that relate to those applications pursuant to Fed. R. Civ. P. 12(b)(1).  *See Airport Surface Techs.,* 268 F. Supp.2d at 1003-04.

**C.    Count III Should Be Dismissed Because Czarnik Does Not Have Standing To Seek A Declaration of Unenforceability Under The Declaratory Judgment Act.**

Czarnik alleges that the Illumina patents and pending U.S. patent applications for which correction of inventorship is sought should be declared unenforceable based on inequitable conduct.  (Complaint, ¶ 115.)   Because Czarnik's allegations do not establish the Court's

jurisdiction under 28 U.S.C. § 2201 (the Declaratory Judgment Act), Count III should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

In keeping with Article III, the Declaratory Judgment Act requires the existence of an actual case or controversy as an absolute predicate for declaratory judgment jurisdiction. *Spectronics Corp. v. H.B. Fuller Co., Inc.*, 940 F.2d 631, 633-34 (Fed. Cir. 1991), *cert. denied* 502 U.S. 1013, 112 S.Ct. 658, 116 L.E.2d 749 (1991). Czarnik, as the declaratory plaintiff in Count III, bears the burden to establish, by a preponderance of the evidence, the existence of an actual case or controversy. *Black & Decker Inc. v. Robert Bosch Tool Corp.,* 371 F. Supp. 2d 965, 968 (N.D. Ill. 2005) (citing *Cardinal Chem. Co. v. Morton Int'l Inc.*, 508 U.S. 83, 95, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993)). Czarnik has not alleged any facts that come close to meeting this burden.

The Federal Circuit has established a two-part test to determine whether an actual controversy exists in a declaratory judgment action involving allegations of unenforceability. *Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1481 (Fed. Cir. 1998). That test requires the declaratory plaintiff to establish both: (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity. *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995) (quoting *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed.Cir.1993)) (internal quotation marks and emphases omitted). "'[T]he purpose of the two-part test is to determine whether the need for judicial attention is real and immediate' in which case the federal courts have jurisdiction, or whether it

is 'prospective and uncertain of occurrence' in which case they do not." *Id.* (quoting *BP Chemicals Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed. Cir. 1993)).

Czarnik fails both prongs of this test.  First, Czarnik does not allege that Illumina has taken any action that could be conceived as an explicit threat or other action that could create a reasonable apprehension that he will face an infringement suit under the patents.  Second, to Illumina's knowledge, there is no present activity by Czarnik that could constitute infringement of any of the issued patents, nor is there anything in the record that would suggest that he has taken any steps with the intent to conduct such activity.  Czarnik cannot bootstrap an argument for jurisdiction based on the hypothetical and uncertain possibility that Illumina might assert these patents against someone in the future.  *See BP Chems. Ltd.*, 4 F.3d at 978.  Accordingly, since there is no present dispute upon which to base declaratory judgment jurisdiction, Czarnik's claim to have the patents ruled unenforceable must be dismissed.

Further, even if there were jurisdiction regarding Czarnik's inequitable conduct claims as to Illumina's issued patents (which, as explained above, there is not), the Court would not have jurisdiction over such claims as to Illumina's pending patent applications.  In the context of pending patent applications, the Federal Circuit has held that "[a] broader inquiry than our two-part 'test' is required [] because no patent ha[s] issued when the complaint was filed."  *GAF Bldg. Mat'ls Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 482-83 (Fed. Cir. 1996). In such a case, the Federal Circuit applies basic principles articulated by the Supreme Court for determining whether a justiciable case or controversy exists:

> A "controversy" in this sense must be one that is appropriate for judicial determination.  A justiciable controversy is thus distinguished from a difference or dispute of hypothetical or abstract character, from one that is academic or moot.  The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests.  It must be a real

11

> and substantial controversy admitting of specific relief through a
> decree of a conclusive character, as distinguished from an opinion
> advising what the state of the law would be upon a hypothetical
> state of facts.

*Id.* (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41, 57 S.Ct. 461, 463-64, 81 L.Ed.

617 (1937)).

Applying these basic principles, the Federal Circuit, in *GAF Bldg Mat'ls Corp.*, held that

courts do not have jurisdiction over pending applications where noninfringement or invalidity is

at issue.  90 F.3d at 482.   Czarnik cannot distinguish this action based on the fact that he is

seeking a declaratory judgment of unenforceability.  *Black & Decker Inc.,* 371 F. Supp. 2d at 971

(dismissing declaratory judgment action based on inequitable conduct claim as to pending

applications).   Moreover, as stated in *Black & Decker Inc.,* because "it is possible for an

applicant to cure inequitable conduct during prosecution of the application, ... until a patent

issues, it is premature to analyze whether the patent will be unenforceable due to inequitable

conduct."  *Black & Decker Inc.,* 371 F. Supp. 2d at 971 (citations omitted).

Here, as in *GAF Bldg Mat'ls Corp.* and *Black & Decker Inc.*, a ruling on the

unenforceability of Illumina's patent applications would be merely advisory and academic.  *See*

*Black & Decker Inc.,* 371 F. Supp. 2d at 971.   Because Illumina does not have any enforceable

property rights until patents issue from its applications, *Exxon Chem. Patents, Inc. v. Lubrizol*

*Corp.*, 935 F.2d 1263, 1266 (Fed. Cir. 1991),   Illumina has no rights for the Court to rule

unenforceable.  *See Black & Decker Inc.,* 371 F. Supp. 2d at 971.   Thus, the Court cannot

provide "'specific relief through a decree of conclusive character' because there are no

enforceable property rights for the Court to declare unenforceable."  *Id.* at 971 (quoting *GAF*

*Bldg Mat'ls Corp.*, 90 F.3d at 482).  Thus, even if Czarnik can somehow achieve standing under

the Declaratory Judgment Act, his request to have Illumina's patent applications declared unenforceable makes no sense and should be dismissed.

### D. Czarnik's Fraud Claim (Count IV) Must Be Dismissed Because It Does Not Allege A Cognizable Injury-In-Fact Caused By The Alleged Fraud.

Though it is difficult to pinpoint exactly what fraud and resulting injury Czarnik is complaining about in Count IV, his fraud claim suffers from the same defects as his prior claims -- lack of any injury to a recognizable interest -- and thus must be dismissed. Proof of fraud under Delaware law (the law cited by Czarnik in his complaint[3]) requires the following elements: (1) a false representation, usually one of fact, made by the defendant, (2) the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth, (3) an intent to induce the plaintiff to act or to refrain from acting, (4) the plaintiff's action or inaction taken in justifiable reliance upon the representation, and (5) damage to the plaintiff as a result of such reliance. *Stephenson v. Capano Develop., Inc.*, 462 A.2d 1069, 1074 (Del. 1983); *see also Browne v. Robb*, 583 A.2d 949, 955 (Del. 1990). Czarnik has not alleged facts sufficient to make out a viable claim of fraud under this standard.

If Czarnik is basing his fraud claim on Illumina's alleged misrepresentations regarding inventorship, then Czarnik's fraud claim fails because the purported misrepresentations were not made to Czarnik, and he thus could not have relied on them to his detriment. As best as Illumina can determine, however, Czarnik's fraud claim is based not on any fraud that Illumina committed in filing its patent applications with the USPTO, but rather based on its alleged concealment of these filings from Czarnik. To prove this fraud case, therefore, Czarnik must allege damages to

---

[3]    Illumina does not necessarily agree that Delaware law is the appropriate law to govern Czarnik's fraud claim, but will apply this law for purposes of this motion.

13

him as a result of this concealment, as opposed to damages resulting from the underlying failure to name him as a co-inventor on the patent applications.

Czarnik fails to allege facts to satisfy the injury or damages prong of a fraud claim under Delaware law.  Czarnik does not allege any damage based on concealment of Illumina's inventorship determination -- nothing about this concealment, as opposed to the determination itself, is alleged to have caused Czarnik any harm.  Put another way, Czarnik would be in the same situation whether or not the concealment occurred, seeking to correct inventorship because he disagrees with Illumina's inventorship determination.  And even if Czarnik's claims of reputational damage are considered, these are not sufficient to state a cognizable claim of injury to create jurisdiction in this Court.  Czarnik has not alleged any pecuniary impact resulting from the failure to name him as a co-inventor, or the alleged concealment of this fact from him.  Thus, Czarnik's fraud claim fails to state a claim upon which relief can be granted, and Count IV must therefore be dismissed.  *See, e.g., Warner Comm'ns. v. Murdoch*, 581 F.Supp. 1482 (D. Del. 1984) (dismissing fraud-based RICO claim for failure to allege injury traceable to fraud).

## V.    CONCLUSION

For the foregoing reasons, Plaintiff Czarnik's complaint should be dismissed with prejudice.

Dated: August 4, 2005

        /s/ Mary B. Matterer
Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801
(302) 888-6800
mmatterer@morrisjames.com

Mark A. Pals, P.C.
Marcus E. Sernel
Stephen T. Webb
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

**Counsel for Illumina, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of August, 2005, I electronically filed the foregoing document, **MEMORANDUM IN SUPPORT OF ILLUMINA, INC.'S MOTION TO DISMISS**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Martin S. Lessner, Esq.
Adam W. Poff, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 4th day of August, 2005, the foregoing document was served via email on the following non-registered participants:

Martin M. Zoltick, Esq.
Lisa N. Phillips
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, DC 20005
mzoltick@rfem.com
lphillips@rfem.com

Dated: August 4, 2005            */s/ Mary B. Matterer*
Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
(302) 888-6800
mmatterer@morrisjames.com

*Counsel for Illumina, Inc.*

16