IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DR. ANTHONY W. CZARNIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05-CV-400 JJF |
| | ) | |
| ILLUMINA, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY MEMORANDUM IN SUPPORT OF ILLUMINA'S MOTION TO DISMISS

In his 25-page response brief, Plaintiff Anthony Czarnik cannot identify a single allegation of a cognizable injury-in-fact that provides a basis for this Court to have jurisdiction to hear his claims. Every court to have addressed correction of inventorship and related claims has required an allegation of at least some type of pecuniary interest (and thus injury) relating to the patents for which correction is sought. Czarnik's complaint fails this threshold test. Czarnik's rote citation in his Answering Brief of numerous irrelevant paragraphs of his complaint cannot hide the fact that he does not and can not claim any ownership, financial or other pecuniary interest in the patents to have standing to assert his alleged causes of action. For this reason, all of Czarnik's asserted counts must be dismissed.

Even if Czarnik could somehow claim a cognizable interest and injury to create standing, his declaratory judgment claims in Counts II and III are still lacking. Czarnik seeks to turn the statutory scheme set up by Congress on its head by arguing that, although the statutes do not allow him to ask this Court to directly correct inventorship of pending patent applications, somehow this Court has the authority to "indirectly" do so because Czarnik is unhappy with the progress the U.S. Patent and Trademark Office has made on his petition to correct inventorship

filed there. No court has ever sanctioned such a claim, and this Court should not be the first. Similarly, Czarnik's argument that this Court has "supplemental jurisdiction" to address a declaratory judgment action of unenforceability also seeks to create a new legal doctrine. The concept of supplemental jurisdiction is only available to create federal jurisdiction for an otherwise cognizable (usually state law) claim, and is *not* a mechanism by which the prerequisites for federal law claims can be bypassed.

This Court should reject Czarnik's invitation to ignore the precedent and create new causes of action and bases for standing never recognized heretofore by any federal court. Illumina respectfully submits that the proper result is to dismiss Czarnik's complaint in its entirety.

I.     **Czarnik Does Not Allege Any Legally-Cognizable Injury-In-Fact And Therefore Does Not Have Standing To Assert Any Of His Claims.**

Czarnik's Answering Brief, like his complaint, is devoid of any allegation sufficient to confer Czarnik standing before this Court. While Czarnik misleadingly contends that an action under § 256 merely requires that all parties must be given notice and an opportunity to be heard (Ans. Br. at 12 n.2), there can be no dispute that a § 256 claim (like any action in federal court) requires the plaintiff to demonstrate a legally-supportable injury-in-fact. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). To assert such an injury-in-fact here, Czarnnik must demonstrate some resulting pecuniary harm that is traceable to Illumina's alleged failure to name him as a joint inventor. As discussed in detail in Illumina's opening brief, however, Czarnik has not met this threshold requirement.

As hard as he tries to conjure up an injury-in-fact, Czarnik can only point to amorphous allegations in his complaint relating to some supposed impact on his reputation, without any

associated pecuniary injury. Apparently thinking that attaching a label will make it so, Czarnik defines "Dr. Czarnik's Injury-In-Fact" as:

> Dr. Czarnik has not been given the credit and recognition he was entitled to for his contribution to the patented microarray technology, has suffered damage to his reputation and standing in the scientific community, has not received the reputational benefits associated with being named as an inventor, has suffered a loss of prestige within the scientific community resulting from his inventions being recognized as another's, and was damaged as a result of his reliance on Defendant Illumina's actions in an amount to be proven at trial.

(Ans. Br. at 2). But, labels aside, there is no allegation in this definition stating that Czarnik has any pecuniary interest in the patent, or resulting pecuniary injury. Czarnik then goes on to block quote multiple paragraphs from his complaint on pages 6-8 of his Answering Brief, but again none of the paragraphs state any actual pecuniary injury. All Czarnik can come up with is hypothetical fluff regarding possible harm to his reputation. This falls short of what is required for standing to assert correction of inventorship and related claims.

Czarnik tries, but fails, to distinguish the case law cited in Illumina's opening brief. Two conclusions from the precedent would seem unavoidable. **First**, each district court to have addressed this issue has found that allegations of reputational damage are insufficient to provide a party standing to seek correction of inventorship; in all of these cases, and in all of the holdings (as opposed to dicta) of the Federal Circuit, an ownership or financial interest in the patent has been required for standing. *See*, *e.g., Cole v. Gummow*, 2003 WL 22455387 (N.D. Tex. Oct. 22, 2003); *L.G. Philips LCD Co. v. Bovio*, C.A. No. 11076-RCL (D. Mass. Jan. 10, 2005) (hearing transcript attached as Ex. B to Illumina's Opening Brief); *cf. Chou v. University of Chicago*, 254 F.3d 1347 (Fed. Cir. 2001) (holding that financial interest in patent was sufficient to confer standing). **Second**, even if the dicta in *Chou* (stating that it is "not implausible" that certain allegations of reputational injury might confer standing) is followed, this dicta goes on to suggest

3

that standing should only be found where pecuniary consequences flowed from this reputational impact. *Chou*, 254 F.3d at 1359.  Under either line of thinking, therefore, Czarnik loses.  The only way for Czarnik to have standing and survive a motion to dismiss is for this Court to take the dicta in *Chou* and extend it to cover the instant situation where there are bare allegations of hypothetical injury to reputation without any associated pecuniary consequence.  No court has ever taken this step, and correctly so—it would vitiate the requirement for a tangible injury-in-fact to state a viable claim.

Ultimately, Czarnik seeks to excuse the insufficiency of his pleading by seeking to fall back on the limited requirements of notice pleading.  Czarnik argues that he "is not required to allege every single instance of harm or pecuniary interest he has suffered within his complaint." (Ans. Br. 14)  That is true, but also irrelevant.  Czarnik's complaint must be dismissed, not because he has failed to allege every instance of harm, but because in forty-nine pages he has failed to allege even a ***single*** instance of pecuniary harm resulting from the fact he is not named as a co-inventor.  Even if the dicta in *Chou* is followed, it is not enough to merely posit hypothetical impacts to reputation and then hope that discovery might turn up something tangible upon which to base a claim.[1]  Standing is premised on the notion that a party has suffered (or will imminently suffer), and can allege, an injury-in-fact. *Lujan*, 504 U.S. at 560. Czarnik has not and can not satisfy this threshold pleading requirement for bringing his claims, and thus they all must be dismissed.

---

[1] Since Czarnik himself would be in the best position to identify any pecuniary harm to him (if there was any), Czarnik's suggestion that he will be able to identify some harm during discovery is highly unlikely.  In any event, Czarnik is prohibited from bringing any claim unless and until he can identify a cognizable injury-in-fact, and the Court should reject his request to go on a fishing expedition to support his claims.

II.  **Count II Should Be Dismissed With Respect To Illumina's Pending U.S. Patent Applications Because Jurisdiction Rests Solely With the PTO For Such Claims.**

Czarnik acknowledges the fact that 35 U.S.C. § 116 does not grant district courts jurisdiction to modify inventorship on pending patent applications. (Ans. Br. at 18.) Nevertheless, Czarnik argues that this Court should ignore the strictures of § 116 and allow Czarnik's claim because Czarnik is not seeking to have this Court directly correct inventorship of these pending applications, but rather is seeking some kind of "indirect" order of the Director of the PTO to correct their inventorship. This semantic end-run around the patent statutes seeks to create new legal doctrine and should be rejected.

As an initial matter, Czarnik's semantic "indirect v. direct" argument actually is inconsistent with the language of the statute itself. Indeed, § 256, the statutory provision relating to correction of inventorship on issued patents, states that an "order" by the district court is the precise method by which correction is achieved. 35 U.S.C. § 256 ("The court … may order correction of the patent on notice and hearing of all parties concerned and the Director shall issue a certificate accordingly.") Thus, Czarnik is seeking the same relief under § 116 as he is under § 256—an order seeking to correct inventorship (of either an application or an issued patent, respectively). But, as is clear from § 116 itself, and as stated by the Federal Circuit, the only forum for claims to correct inventorship on pending patent applications is the PTO. *Eli Lilly and Co. v. Aradigm Corp.*, 935 F.3d 1352, 1356 n.1 (Fed. Cir. 2004).

Notwithstanding the unambiguous language of § 116, Czarnik further argues that the Court can ignore the statute because "[t]he PTO has taken no action on [Czarnik's] protests." (Ans. Br. at 18.) In essence, what Czarnik is arguing here is that a party should have the right to bring a federal claim any time he is dissatisfied with the speed with which the proper adjudicative body (be it an executive agency, a state court, etc.) is acting on his claim. This has

5

never been the law, nor should it be. Since Congress has provided federal court jurisdiction under § 256, but not § 116, Congress clearly did not intend for putative inventors to circumvent the PTO's exclusive jurisdiction over the administration of pending patent claims. *See E.I. Dupont de Nemours & Co. v. Okuley*, 344 F.3d 578, 584 (6th Cir. 2003) (finding "district court lacked jurisdiction to review the inventorship of an issued patent" based on differences between the two statutory sections); *Sagoma Plastics, Inc. v. Gelardi*, 366 F. Supp.2d 185, 188 (D. Me. 2005) ("Congress' clear delegation of power to the courts in § 256 to correct issued patents and its failure to make any such express delegation in § 116 indicates a conscious choice to bar the courts from correcting errors regarding inventorship until after the patent has issued.")

Czarnik's policy-based arguments as to why this Court should create new legal doctrine and find standing despite contrary authority should be rejected. The jurisdictional limitation of § 116 does not leave a putative inventor without a method to redress an inventorship claim regarding pending U.S. patent applications.[2] Should a disputed application actually issue as a patent, a putative inventor with standing can seek redress in the federal court under § 256. The bar to federal court jurisdiction has been set up to avoid cluttering the courts with (1) disputes over pending patent applications that may never mature into patents, and (2) disputes brought by entities that have no ownership or financial interest in the patent. The first rule makes sense because, until a patent issues, there is no way to determine whether a putative inventor actually contributed to the ***claimed*** invention to name the correct inventors. *See Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998) ("[T]he critical question ... is who

---

[2] Czarnik further attempts to misdirect the analysis in its discussion of *Chou*, which has no bearing on Illumina's motion with respect to Count II. Notably, Illumina did not move to dismiss Czarnik's inventorship claim regarding Illumina's foreign patent applications on the basis of § 116. That part of Count II, like the rest of the complaint, should be dismissed for lack of standing as discussed above. *Chou* does not discuss the issue with respect to pending U.S. patent applications under § 116.

6

conceived ... the subject matter of the *claims* at issue"). The second rule makes sense because it would be unwise to allow federal courts to be cluttered with advisory lawsuits from allegedly-spurned inventors that would do nothing to change the ownership or financial interests of the parties. The statutes and case law have evolved the way they have for good reason, and this Court should follow the precedent and dismiss Czarnik's claims.

### III. Czarnik Cannot Create Jurisdication For His Inequitable Conduct Claims By Asserting "Supplemental Jurisdiction" Based On His Other Claims.

In an attempt to salvage his inequitable conduct claim in Count III, Czarnik wrongly contends that the doctrine of "supplemental jurisdiction" can be invoked because this claim shares a common nucleus of operative facts with his correction of inventorship claims. This is misguided for at least two reasons. *First*, Czarnik lacks standing to bring his other claims as discussed herein, and thus there is no hook upon which to base supplemental jurisdiction. *Second*, even if Czarnik's other claims might survive, the concept of supplemental jurisdiction is only available to create federal jurisdiction for an otherwise cognizable state or common law claim, and is not a mechanism by which standing for a federal law claim can be created out of whole cloth. Czarnik cannot meet the predicate requirements for bringing a declaratory judgment claim for inequitable conduct, and thus this claim must be dismissed.[3]

Czarnik cites a handful of cases relating to supplemental jurisdiction, but none of these are even close to the situation here where Czarnik seeks to excuse non-compliance with standing requirements for a federal claim. *See Matsuda v. Wada*, 128 F. Supp.2d 659 (D. Haw. 2000)

---

[3] Supplemental jurisdiction is almost always invoked over state-law claims that are asserted in the same case as a sufficiently related claim that invokes federal subject matter jurisdiction. 13B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 3567.3 (2d ed. Supp. 2005). But that is not what Czarnik is attempting to do here. Rather, Czarnik is attempting to bootstrap a federal patent claim to a state claim that itself is only proper in this Court under § 1367.

(exercising supplemental jurisdiction over state law claims that were otherwise properly pled); *Geer v. Cox*, 216 F.R.D. 677 (D. Kan. 2003) (exercising supplemental jurisdiction over properly-pled shareholder's suit that individually failed to meet requirements for diversity jurisdiction). Czarnik's citation and description of *Frank's Casing Crew & Rental Tools, Inc. v. PMR Tech. Ltd.*, 292 F.3d 1363 (Fed. Cir. 2002), is especially misleading, as this case actually makes Illumina's point. In *Frank's Casing Crew & Rental Tools*, the patents in question had been asserted in a patent infringement action, and incorrect inventorship (and associated inequitable conduct) was a defense to the patent infringement claims. *Id.* at 1369-70. In Czarnik's complaint, there is no allegation of even any apprehension of a patent infringement lawsuit being asserted by Illumina, let alone an actual lawsuit. This difference is the dispositive inquiry—without at least apprehension of a patent infringement lawsuit, the law does not permit a party to attack the enforceability of a patent just because they want to.

Section 1367 only grants supplemental jurisdiction over other claims within "***the same case or controversy.***" 28 U.S.C. § 1367(a); *Jinks v. Richland County, S.C.*, 538 U.S. 456, 459, 123 S.Ct. 1667, 1669 (2003) (supplemental claims must "form part of the same case or controversy under Article III of the United States Constitution"). Thus, for jurisdiction to be proper, an actual controversy must exist with respect to both the claim over which jurisdiction is proper as well as the one for which supplemental jurisdiction is proper. This requirement is in keeping with Article III, which, in all federal cases, requires an actual case or controversy as an absolute predicate for jurisdiction.

Here, as explained in Illumina's opening brief, there is no justiciable case or controversy. Neither Illumina, nor Czarnik, has engaged in the type of behavior required to satisfy the two-part test that is used to determine whether a case or controversy exists in a declaratory judgment

action involving a claim of patent unenforceability. Further, Czarnik did not even attempt to articulate any other ground upon which the Court could "determine whether the need for judicial attention is real and immediate," rather than "prospective and uncertain of occurrence." *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995). Because there is no existing case or controversy regarding Czarnik's unripe inequitable conduct claim, there is no jurisdiction for this claim in this or any court, and it therefore must be dismissed.

### IV. Czarnik's Failure To State A Legally-Cognizable Injury-In-Fact Mandates Dismissal Of The Fraud Claim (Count IV).

Though Czarnik's Answering Brief does attempt to clarify the nature of his fraud claim to some extent, all it does is make clear why it must be dismissed. Czarnik clarifies that his claim is one for fraudulent concealment, which thus means that Czarnik must allege an injury-in-fact traceable to the alleged concealment in order for his claim to survive. Since Czarnik does not do so, Count IV must be dismissed.

In desperation to save his fraud claim, Czarnik first cites to the *Kucharczyk* decision as authority for the proposition that a party may have standing to assert fraud even though it lacks standing to seek correction of inventorship. (Ans. Br. at 24). This may be true in principle, but the principle is inapplicable to this case. In *Kucharczyk*, the plaintiffs' fraud claim survived "because, by fraudulently causing Dr. Rocklage's name to be included on the patent, Nycomed caused the plaintiffs to be deprived of substantial royalties that they otherwise would have received." *Kucharczyk v. Regents of University of California*, 48 F. Supp.2d 964, 975 (N.D. Cal. 1999). Czarnik makes no such allegation here—it is undisputed that Czarnik would have received no financial benefit from being named on the patents he seeks to have corrected. Thus, Czarnik's fraud claim cannot be saved based on the rationale of *Kucharczyk*.

Although attempting to differentiate his fraud claim from the others, Czarnik ultimately makes the same argument to save it—arguing that he "is not required to spell out an exact price tag on the harm he has suffered at this early stage of the case." (Ans. Br. at 25). Again, however, it is Czarnik's failure to allege *any* cognizable injury traceable to the alleged fraud that dooms his claim. Czarnik makes no allegation as to how the alleged concealment caused him any specific damage. At most, Czarnik alleges reputational injury based on the fact that he was not named as a co-inventor, but this is insufficient because (1) reputational injury alone is not enough to confer standing, and (2) this injury is not traceable to the concealment, because it would have occurred whether the concealment happened or not. Thus, there is no injury-in-fact that can be traced to the alleged fraud, and therefore Czarnik's fraud claim must be dismissed.

## V.  CONCLUSION

For the foregoing reasons, Illumina's motion to dismiss Plaintiff Czarnik's complaint should be granted.

Dated: August 29, 2005          */s/ Mary B. Matterer*

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801
(302) 888-6800
mmatterer@morrisjames.com

Mark A. Pals, P.C.
Marcus E. Sernel
Stephen T. Webb
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

*Counsel for Illumina, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of August, 2005, I electronically filed the foregoing document, **REPLY MEMORANDUM IN SUPPORT OF ILLUMINA, INC.'S MOTION TO DISMISS**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Martin S. Lessner, Esq.
Adam W. Poff, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

Additionally, I hereby certify that on the 29th day of August, 2005, the foregoing document was served via email on the following non-registered participants:

Martin M. Zoltick, Esq.
Lisa N. Phillips
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, DC  20005
mzoltick@rfem.com
lphillips@rfem.com

Dated: August 29, 2005        /s/ Mary B. Matterer
                              Richard K. Herrmann #405
                              Mary B. Matterer #2696
                              MORRIS JAMES HITCHENS & WILLIAMS LLP
                              222 Delaware Avenue, 10th Floor
                              Wilmington, DE  19801
                              (302) 888-6800
                              mmatterer@morrisjames.com

                              *Counsel for Illumina, Inc.*