## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

---

DR. ANTHONY W. CZARNIK,      )
                               )
            Plaintiff,      )
                               )
      v.                 )       Civil Action No. 1:05-CV-400-JJF
                               )
ILLUMINA, INC.             )
                               )
           Defendant.    )
                               )

---

## MEMORANDUM IN SUPPORT OF ILLUMINA'S MOTION TO DISMISS
## CZARNIK'S AMENDED COMPLAINT

Richard K. Herrmann #405
MORRIS JAMES HITCHENS &
WILLIAMS LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE  19801
(302) 888-6800
rherrmann@morrisjames.com

Mark A. Pals, P.C.
Marcus E. Sernel
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

***Counsel for Illumina, Inc.***

# TABLE OF CONTENTS

I.      NATURE AND STAGE OF THE PROCEEDING..............................................................2

II.    STATEMENT OF FACTS ........................................................................................3

III.   LEGAL STANDARDS ............................................................................................4

IV.   ARGUMENT ..........................................................................................................5

       A.     Counts I, II and IV Must Be Dismissed Because Czarnik Lacks Standing
             to Bring a Claim for the Alleged Failure to Include Him as an Inventor ...............5

             1.     Reputational Injury is Insufficient to Create a Cause of Action for
                    Correction of Inventorship ........................................................................7

             2.     Czarnik's Speculation Regarding Loss of an Unidentified Future
                    Job is Insufficient to Create Standing ........................................................9

       B.     Count II Should Be Dismissed Because Czarnik Has No Legal Basis To
             Seek Correction Of Inventorship Of Pending Patent Applications. ......................14

       C.     Count III Should Be Dismissed Because Czarnik Does Not Have Standing
             To Seek A Declaration of Unenforceability Under The Declaratory
             Judgment Act. ........................................................................................................15

       D.     Czarnik's Fraud Claim (Count IV) Must Be Dismissed Because It Does
             Not Allege A Cognizable Injury-In-Fact Caused By The Alleged Fraud. ............19

V.     CONCLUSION.....................................................................................................21

## <u>TABLE OF AUTHORITIES</u>

Cases

*Aetna Life Ins. Co. v. Haworth*,
    300 U.S. 227 S.Ct. 461 L.Ed. 617 (1937) ...................................................................... 18

*Airport Surface Techs., L.L.C. v. FieldTurf, Inc.*,
    268 F. Supp.2d 999 (N.D. Ill. 2003) ............................................................................ 15

*American Federation of Govt. Employees v. Clinton*,
    180 F.3d 727 (6th Cir. 1999) ....................................................................................... 11

*ASARCO Inc. v. Kadish*,
    490 U.S. 605 (1989) ..................................................................................................... 13

*AT&T Communications of New Jersey v. Verizon New Jersey, Inc.*,
    270 F.3d 162 (3d Cir. 2001) ....................................................................................... 5-6

*Barrister v. Wendy's Int'l, Inc.*,
    1993 WL 293896, *3 (E.D.Pa. July 30, 1993) ............................................................. 4

*Black & Decker Inc. v. Robert Bosch Tool Corp.*,
    371 F. Supp. 2d 965 (N.D. Ill. 2005) ............................................................. 16, 18, 19

*BP Chems. Ltd. v. Union Carbide Corp.*,
    4 F.3d 975 (Fed.Cir.1993) ..................................................................................... 16, 17

*Browne v. Robb*,
    583 A.2d 949 (Del. 1990) ............................................................................................ 20

*Cardinal Chem. Co. v. Morton Int'l Inc.*,
    508 U.S. 83 S.Ct. 1967, 124 L.Ed.2d 1 (1993) ........................................................... 16

*Chou v. University of Chicago*,
    254 F.3d 1347 (Fed. Cir. 2001) ............................................................................ 8, 9, 14

*Ciro, Inc. v. Gold*,
    816 F. Supp. 253 (D. Del. 1993) ................................................................................... 4

*Cole v. Gummow*,
    No. 3-02-CV-0705-BD(P), 2003 WL 22455387 (N.D. Tex. Oct. 22, 2003) ............. 7, 8, 9

*Eli Lilly and Co. v. Aradigm Corp.*,
    376 F.3d 1352 (Fed. Cir. 2004) ............................................................................ 14, 15

*Enzo Life Sciences, Inc. v. Digene Corp.*,
    295 F. Supp.2d 424 (D. Del. 2003) ............................................................................... 4

*Exxon Chem. Patents, Inc. v. Lubrizol Corp.*,
    935 F.2d 1263 (Fed. Cir. 1991)................................................................ 19

*Fina Research, S.A. v. Baroid Ltd.*,
    141 F.3d 1479 (Fed. Cir. 1998)................................................................ 16

*GAF Bldg Mat'ls Corp. v. Elk Corp. of Dallas*,
    90 F.3d 479 (Fed. Cir. 1996)............................................................ 18, 19

*Kucharczyk v. Regents of University of California*,
    48 F. Supp.2d 964 (N.D. Cal. 1999) ....................................................... 7, 8

*L.G. Philips LCD Co., Ltd. v. Bovio*,
    C.A. No. 11076-RCL (D. Mass. 2005) ..................................................... 8, 9

*Laird v. Tatum*,
    408 U.S. 1 ......................................................................................... 10

*Linda R.S. v. Richard D. et al.*,
    410 U.S. 614 (1973)............................................................................ 13

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)............................................................................. 5

*Maio v. Aetna, Inc.*,
    221 F.3d 472 (3d Cir. 2000).................................................................. 11

*Mariana v. Fisher*,
    338 F.3d 189 (3d Cir. 2003).................................................................. 10

*Mortensen v. First Federal Savings and Loan*,
    549 F.2d 884 (3d Cir.1977)..................................................................... 4

*Sicom Systems Ltd. v. Agilent Tech., Inc.*,
    2003 WL 22834499 (D. Del. Nov. 20, 2003) .............................................. 4

*Sierra Club v. Morton*,
    405 U.S. 727 (1972)............................................................................. 4

*Simon v. E. Ky. Welfare Rights Org., et al.*,
    426 U.S. 26 (1976)......................................................................... 10, 12

*Spectronics Corp. v. H.B. Fuller Co., Inc.*,
    940 F.2d 631 (Fed. Cir. 1991), *cert. denied* 502 U.S. 1013 S.Ct. 658, 116 L.E.2d 749
    (1991)............................................................................................. 16

*Spencer v. Kemna*,
    523 U.S. 1 (1998).......................................................................... 10, 11

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998) ............................................................................ 5, 8

*Stephenson v. Capano Develop., Inc.*,
    462 A.2d 1069 (Del. 1983) ................................................................. 19

*Storino v. Borough of Point Pleasant Beach*,
    322 F.3d 293 (3d Cir. 2003) .......................................................... 10, 11

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*,
    57 F.3d 1054 (Fed. Cir. 1995) ........................................................... 16

*Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*,
    140 F.3d 478 (3rd Cir. 1998) ............................................................... 4

*Univ. of Colorado Foundation v. American Cyanamid Co.*,
    196 F.3d 1366 (Fed. Cir. 1999) ......................................................... 14

*Warner Comm'ns. v. Murdoch*,
    581 F.Supp. 1482 (D. Del. 1984) ....................................................... 21

*Warth v. Seldin*,
    422 U.S. 490 (1975) ..................................................................... 10, 13

Statutes

28 U.S.C. § 2201 ................................................................................... 15

35 U.S.C. § 116 .......................................................................... 2, 14, 15

35 U.S.C. § 256 ............................................................................. passim

Rules

Fed. R. Civ. P. 12(b)(6) .......................................................................... 2

Fed. R. Civ. P. 15(a) ............................................................................... 3

Rule 12(b)(1) ..................................................................................... 2, 4

Far from resolving the fatal deficiencies of his original Complaint, Plaintiff Anthony Czarnik's Amended Complaint merely underscores why his claims must be dismissed. Czarnik apparently now acknowledges that bare allegations of "reputational injury" are insufficient to confer standing to sue for correction of inventorship and related claims. But all Czarnik provides to beef up his allegations of an "injury" is speculation that he has lost unspecified employment opportunities as a result of Illumina's failure to name him as a co-inventor on some Illumina patents. This last-ditch effort to avoid dismissal still falls well short of meeting the standing requirements for his claims.

No matter how hard he tries, Czarnik fails to state claims because he cannot tie the alleged failure to include him as a named inventor on certain patents and patent applications to any cognizable injury-in-fact. It is undisputed that Czarnik was employed by Illumina when the inventions underlying the patents and applications were conceived, and he was thus under an obligation to assign to Illumina any interests he had in these inventions. To have standing, Article III of the United States Constitution requires, at a minimum, that a plaintiff allege an injury-in-fact that is (1) concrete and particularized, (2) actual or imminent, not conjectural or hypothetical, and (3) likely, as opposed to merely speculative, to be redressed by a favorable decision. Applying these rules, courts have required that a plaintiff seeking to correct inventorship must have some ownership or financial interest in the patent, and have dismissed correction of inventorship claims where this prerequisite to standing is lacking. Czarnik makes no allegation of any direct ownership or financial interest in the patents he seeks to have corrected, and it is hard to imagine a more speculative allegation of injury than the loss-of-job-prospects assertion he puts forth to "fix" his complaint. This is exactly the type of case that courts have routinely dismissed as failing to meet Article III muster.

Count II also fails since this Court does not have jurisdiction, either constitutionally or statutorily, to correct inventorship as to the pending patent applications -- this is solely the province of the United States Patent and Trademark Office.  Czarnik also cannot pursue a claim for inequitable conduct in Count III because he does not have standing to assert the defense of inequitable conduct; he does not allege, nor could he, that he is under any apprehension of suit under the patents in order to invoke declaratory judgment jurisdiction.  Finally, Count IV fails because Czarnik's highly speculative and vague allegations of injury to his reputation and future job prospects are insufficient to constitute an injury in fact linked to any alleged fraud.

Since Czarnik does not have the requisite interest in the patents, and thus standing, to pursue any of the claims he asserts in his complaint, Defendant Illumina respectfully moves to dismiss Czarnik's amended complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## I.      NATURE AND STAGE OF THE PROCEEDING

On June 15, 2005, Czarnik filed this action against Illumina alleging that he is a joint inventor of the Illumina patents and various pending U.S. and foreign patent applications.  Czarnik seeks (1) correction of inventorship of the Illumina patents pursuant to 35 U.S.C. § 256 by adding Czarnik's name thereto; (2) a declaratory judgment that Czarnik is a joint inventor of the pending U.S. and foreign patent applications pursuant to 35 U.S.C. § 116; (3) a declaratory judgment that the Illumina patents and pending U.S. patent applications are unenforceable based on inequitable conduct; and (4) an award of compensatory and punitive damages based on common law fraud allegations.  On August 4, 2005 Illumina filed a Motion to Dismiss Czarnik's complaint because Czarnik failed to meet the standing requirements for any of the counts alleged in the complaint.  Briefing was completed on August 29.

While the fully-briefed motion was pending before the Court, Czarnik filed an Amended Complaint pursuant to Fed. R. Civ. P. 15(a) on September 23.  Recognizing the shortcomings in

2

his original complaint as pointed out by Illumina, Czarnik's Amended Complaint adds several paragraphs regarding Czarnik's alleged injury suffered as a result of Illumina's actions. But Czarnik's last-minute additions do not remedy the critical gaps in jurisdiction and standing that are fatal to each of the Counts in the complaint. Thus, Illumina again moves to dismiss Counts I-IV in Czarnik's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## II.    STATEMENT OF FACTS

Because Illumina's motion to dismiss is a facial attack on Czarnik's complaint, all of Czarnik's one-sided allegations must be taken as true. But even Czarnik's recitation of the "facts" does not set forth a single cognizable claim against Illumina. Czarnik's allegations are noteworthy in that:

- Czarnik does not allege any ownership interest in any of Illumina's patents or in any of Illumina's pending U.S. or foreign patent applications;

- Czarnik does not allege any financial interest in any of Illumina's patents or in any of Illumina's pending U.S. or foreign patent applications;

- Czarnik does not allege any particular facts as to any harm he has suffered to his reputation by virtue of not being named as a co-inventor on the patents and pending applications, nor does he allege any concrete pecuniary consequences relating to any such reputational harm;

- Czarnik does not allege any specific facts pointing to a causal connection between Illumina's allegedly wrongful conduct and the loss of future jobs;

- Czarnik does not allege that he has been accused of infringing Illumina's patent rights, nor does he allege that he otherwise has any reasonable apprehension of being sued under Illumina's patents;

- Czarnik does not allege that any delay in his discovering that he was not named on the patents and pending applications has caused him any harm; and

- Czarnik does acknowledge that he has been named on several patent applications assigned to Illumina in which he did make an inventive contribution.

Consideration of these "facts" -- acknowledged either expressly or by omission in Czarnik's complaint -- dictate that this motion should be granted. Illumina will, if and when

3

necessary, prove that many of Czarnik's other allegations are false.  But, as discussed below, Czarnik's claims fail even taking his spurious allegations as true and drawing all inferences in his favor.

## III.    LEGAL STANDARDS

Dr. Czarnik's complaint, on its face, fails to allege proper grounds for subject matter jurisdiction in this Court and should therefore be dismissed pursuant to Rule 12(b)(1).  *See Mortensen v. First Federal Savings and Loan*, 549 F.2d 884, 891 (3d Cir.1977) (noting that a Rule 12(b)(1) motion can take two forms (1) a facial attack or (2) a factual attack).  When reviewing a facial attack, as here, the court considers the allegations of the complaint as true, making all reasonable inferences in the plaintiff's favor. *Id. See also Barrister v. Wendy's Int'l, Inc.*, 1993 WL 293896, at *3 (E.D.Pa. July 30, 1993).  But, "[t]o survive a motion to dismiss, a party must have standing to sue, *i.e.* it must have 'a sufficient stake in an otherwise justiciable controversy.'"  *Sicom Systems Ltd. v. Agilent Tech., Inc.*, 2003 WL 22834499 at *1 (D. Del. Nov. 20, 2003) (*quoting Sierra Club v. Morton*, 405 U.S. 727, 731 (1972)).

A motion to dismiss pursuant to Rule 12(b)(6) should be granted where, as here, "no relief could be granted under any set of facts consistent with the allegations of the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3rd Cir. 1998). While the court is entitled to accept all well-pled facts as true, "legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness." *Ciro, Inc. v. Gold*, 816 F. Supp. 253, 257 (D. Del. 1993).  Moreover, a court need not accept "bald assertions" or "legal conclusions" when assessing whether a complaint is sufficient to survive a motion to dismiss.  *Enzo Life Sciences, Inc. v. Digene Corp.*, 295 F. Supp.2d 424, 427 (D. Del. 2003).

## IV.    ARGUMENT

Czarnik's four counts are fatally flawed because he has no standing to bring them.  He seeks to correct inventorship on patents and applications in which he has no interest (ownership, financial, or other pecuniary).  He seeks to have patents declared unenforceable when he is under no reasonable apprehension of suit to seek such a declaration.  And he seeks to assert fraud claims when he alleges no real injury stemming from the fraud.  For the reasons discussed below, all of these counts should be dismissed.

### A.    Counts I, II and IV Must Be Dismissed Because Czarnik Lacks Standing to Bring a Claim for the Alleged Failure to Include Him as an Inventor

Czarnik's correction of inventorship claims under 35 U.S.C. § 256 should be dismissed because Czarnik has no constitutional standing to assert such a claim.  And since Czarnik's fraud claim is similarly premised on his allegation that he was improperly excluded as an inventor of certain patents and patent applications, it also fails for lack of standing.

The Supreme Court has clearly set forth the Article III requirements for constitutional standing sufficient to bring a cause of action in federal court:

> [O]ur cases have established that the ***irreducible constitutional minimum*** of standing contains three elements.  First, the plaintiff must have suffered an ***injury in fact*** – an invasion of a legally protected interest which is (a) ***concrete*** and particularized and (b) actual or imminent, ***not conjectural or hypothetical***.  Second, there must be a ***causal connection*** between the injury and conduct complained of – the injury has to be ***fairly traceable*** to the challenged action of the defendant and not the result of the independent action of some third party not before the court.  Third, it must be ***likely, as opposed to merely speculative***, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations omitted) (emphasis added).  "This triad…constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998); s*ee also, AT&T Communications of*

*New Jersey v. Verizon New Jersey, Inc.*, 270 F.3d 162, 170 (3d Cir. 2001). Therefore, even assuming for purposes of this motion that Czarnik should be a joint inventor of the specified Illumina patents and applications, for Czarnik to have standing in the present case he must demonstrate (1) an actual concrete injury-in-fact that is (2) traceable to Illumina's alleged failure to name him as an inventor and (3) is likely to be remedied by a favorable decision by the Court on these claims.

Czarnik's Amended Complaint does not meet any of these requirements. Czarnik puts forth two types of alleged "damages" that he has suffered from Illumina's alleged failure to name him as a co-inventor. First, Czarnik claims injury to his reputation. This claim fails because, under existing case law, reputational injuries are insufficient to constitute a cognizable injury to create standing to pursue a correction of inventorship claim, especially where the reputational injury cannot be directly tied to a pecuniary impact. Second, Czarnik's Amended Complaint now includes a vague reference to unknown future job prospects that were supposedly lost as a result of Illumina's failure to include him as an inventor on the patents at issue. This claim fails on all measures. Czarnik's allegation of lost job prospects does not constitute an injury-in-fact since it is not actual and concrete but merely conjectural and hypothetical. It is also rank speculation that a favorable decision by this Court -- which would merely result in Czarnik's name being added to the patents and patent applications and nothing more -- would remedy the injury by causing an employer to offer Czarnik a new job. Thus, neither of Czarnik's allegations of "injury" are sufficient to constitute an injury-in-fact necessary to meet the constitutional requirements of standing.

### 1.    Reputational Injury is Insufficient to Create a Cause of Action for Correction of Inventorship

The complaint does not include any allegation that Czarnik has any ownership interest in the Illumina patents or the patent applications identified therein.  The complaint likewise does not allege that Czarnik has any financial interest in being named a co-inventor on the patents or applications.  Rather, Czarnik offers the bare and unsupported assertion that he has suffered damage to his reputation in general by not being named as a joint inventor.  Specifically, Czarnik alleges that he has suffered damage to his "reputation and standing within the scientific community, has not received the reputational benefits associated with being named as an inventor, and has suffered a loss of prestige within the scientific community resulting from his inventions being recognized as another's."    (Amended Complaint,  ¶¶ 115, 122, 165.) Importantly, however, Czarnik does not tie his alleged "loss of prestige" to any actual pecuniary consequence.[1]   As tacitly admitted by virtue of Czarnik's decision to file his Amended Complaint, these original allegations undoubtedly fall short of what is required to have Article III standing to bring such claims.

Several district courts have held that the bare pleading of an injury to "reputational interest" is insufficient to confer standing on a party seeking to correct inventorship of a patent. For example, in *Cole v. Gummow*, the court dismissed a correction of inventorship claim for lack of subject matter jurisdiction where the plaintiff had assigned away all of his rights in the patent, rejecting an argument that an injury to reputational interest was enough to confer standing.  *See Cole v. Gummow*, No. 3-02-CV-0705-BD(P), 2003 WL 22455387 (N.D. Tex. Oct. 22, 2003). Likewise, the Northern District of California in *Kucharczyk v. Regents of University of*

---

[1]    Czarnik's speculation on loss of abstract job prospects is insufficient to provide this pecuniary tie, as fully explained in the following section.

*California,* 48 F. Supp.2d 964, 975 (N.D. Cal. 1999) rejected an argument that inventors are inherently injured by incorrect inventorship because they derive pride from the enhanced reputation that inures with being named as an inventor.  *See Kucharczyk*, 48 F. Supp.2d at 975. In *Kucharczyk*, the court explained that "these assertions [of reputational-type injury] are seeking the kind of 'psychic satisfaction [that] is not an acceptable Article III remedy because it does not redress a cognizable Article III injury."  *Id.* at 975 (*quoting Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107 (1998)).  Finally, the District of Massachusetts recently dismissed a case for lack of subject matter jurisdiction, rejecting an argument that reputational injury alone could suffice for Article III standing in the context of inventorship claims.  *See L.G. Philips LCD Co., Ltd. v. Bovio*, C.A. No. 11076-RCL (D. Mass. 2005) (attached as Ex. A is the Hearing Transcript in which this issue is discussed; see pages 27-28, 68).

The *Cole* and *L.G. Philips* decisions are especially noteworthy in that they came after, and expressly applied, the Federal Circuit's decision in *Chou v. University of Chicago*, 254 F.3d 1347 (Fed. Cir. 2001).  *Chou* is widely recognized as having articulated the most expansive view of subject matter jurisdiction in the context of a correction of inventorship claim, holding that "an expectation of ownership of a patent is not a prerequisite for a putative inventor to possess standing to sue to correct inventorship under § 256."  *Id.* at 1358.[2]  Instead, the Federal Circuit held that since the plaintiff had a "concrete financial interest in the patent" -- specifically, a potential right to 25% of gross royalties and fees from licensing the patent -- this interest was enough to confer standing.  In dicta, the Federal Circuit went on to consider, but not answer, the question of whether "reputational interest alone is enough to satisfy the requirements of Article

---

[2]  This holding disagreed with *Kucharczyk* insofar as the court in *Kucharczyk* stated that a claim of ownership of a patent was a necessary predicate for seeking to correct inventorship relating to that patent.  The *Chou* holding does not, however, undermine the other discussion in *Kucharczyk* relating to the Article III requirements and the failure of mere injury to reputation or pride being enough to satisfy those requirements.

III standing." *Id.* at 1359.    On this question, the Federal Circuit stated that it was "not implausible" that the standing requirements might be satisfied by certain allegations of reputational injury, noting that "pecuniary consequences may well flow from being designated as an inventor." *Id.*  However, courts that have since considered this dicta in *Chou*, including *Cole* and *L.G. Philips*, have refused to find standing based on allegations of injury to reputation.

This case law dictates that Czarnik's claims should be dismissed for lack of standing. Czarnik's allegations are wholly distinct from the holding of *Chou*, as Czarnik alleges neither an ownership nor a financial interest in the patents on which he seeks to be named an inventor. Czarnik's allegations are more akin to those in *Cole* and *L.G. Philips*, in which the courts dismissed inventorship-related claims that were premised on allegations of injury to reputational interest.  And even if this Court were to follow the dicta in *Chou* relating to standing based on reputational injury, Czarnik's claims would still fall short because he alleges no concrete "pecuniary consequences ... from [not] being designated as an inventor."  *Chou*, 254 F.3d at 1359.  As discussed below, Czarnik's speculations on future job prospects are too speculative and conjectural to constitute an actual pecuniary consequence.  The common thread of all of these cases is that there must be some identifiable pecuniary injury.  Czarnik has not alleged any such interest or injury, and thus he lacks standing to sue for correction of inventorship.

## 2.    Czarnik's Speculation Regarding Loss of an Unidentified Future Job is Insufficient to Create Standing

Recognizing that the case law clearly requires more than a bare allegation of reputational injury to have standing, Czarnik conjures up a new allegation to try to mask his lack of cognizable injury. Czarnik's Amended Complaint adds the following paragraph to each of the counts:

> As a direct and foreseeable consequence of Defendant Illumina's actions…Dr. Czarnik has not been able to 'join another start-up

9

> and get another few hundred thousand shares of stock' which, as
> set forth above, amounted to an annual compensation of
> approximately $1 million."

(Amended Complaint, ¶¶ 116, 123, 166). This vague reference to loss of future employment with an unknown employer is based on pure speculation and conjecture. Czarnik makes no allegations that any such company exists, had a position for Czarnik, was interested in hiring Czarnik, or would have done so had Czarnik been a named inventor on the particular patents and patent applications at issue in this case. As the Supreme Court stated in *Simon v. E. Ky. Welfare Rights Org., et al.*, 426 U.S. 26, 41-42 (1976), "[p]rior decisions of this Court establish that unadorned speculation will not suffice to invoke the federal judicial power." 426 U.S. 26, 42 (1976). *See also Warth v. Seldin*, 422 U.S. 490, 509 (1975) ("[P]leadings must be something more than an ingenious academic exercise in the conceivable."). But unadorned speculation is all that Czarnik offers.

The case law is replete with examples of courts dismissing speculative claims like Czarnik's. For example, in *Spencer v. Kemna*, 523 U.S. 1, 15-16 (1998) the Supreme Court affirmed dismissal of the complaint for failure to satisfy Article III's case or controversy requirement since the plaintiff's allegations of potential future harms was "purely a matter of speculation." 523 U.S. 1, 15-16 (1998); *see also Laird v. Tatum*, 408 U.S. 1, 13 (1972) (dismissing complaint because speculative apprehension of possible harm to plaintiffs insufficient to constitute standing to sue under Article III). The Third Circuit has likewise consistently held that speculative allegations of potential injury are insufficient to confer standing to sue under Article III. *See, e.g., Mariana v. Fisher*, 338 F.3d 189, 206 (3d Cir. 2003) (holding that plaintiffs had failed to allege an injury-in-fact sufficient to show standing because "Plaintiffs make what can only be described as conjectural allegations"); *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 297 (3d Cir. 2003) (finding plaintiffs' allegation of

prospective property damage resulting from defendants' conduct "insufficient to accord the Storinos standing to assert their federal claim…[I]t would not demonstrate injury in fact for standing purposes because it is conjectural."); *Maio v. Aetna, Inc.*, 221 F.3d 472, 480 (3d Cir. 2000) (affirming dismissal of complaint because "vague allegation that quality of care may suffer in the future is too hypothetical an injury to confer standing upon plaintiffs").

Not only does the case law generally reject claims based on speculative injuries, but there are cases that have rejected the exact type of job-prospect "injury" that Czarnik seeks to rely on for Article III standing here. In *American Federation of Gov't. Employees v. Clinton*, 180 F.3d 727 (6th Cir. 1999),[3] the plaintiffs had sued to challenge a decision to put workloads of certain Air Force bases for bid by private contractors only. The plaintiffs had argued generally that they were injured because their federal career prospects had been harmed due to the defendants' actions. *Id.* at 730-31. The court affirmed dismissal of the complaint for lack of standing, stating:

> We find the asserted injuries too speculative, and insufficiently concrete and particularized, to establish Article III standing…***If the injury at issue is simply harm to plaintiffs' employment prospects, that injury is insufficiently concrete and particularized to establish Article III standing.*** Numerous acts and facts may injure employment 'prospects' in some unknowable and speculative fashion, but ***something more is needed to establish standing to sue***.

*Id.* at 731 (emphasis added). *See also*, *Spencer*, 523 U.S. at 13 (disregarding potential adverse effect on employment prospects as insufficient to satisfy Article III). Czarnik's allegations are just as speculative as the plaintiffs' insufficient alleged injuries in *American Federation*, since he too cannot point to any specific job or opportunity that was lost but rather makes only a vague

---

[3]    The Sixth Circuit applied the same three-part test to determine standing as used by the Third Circuit. *See American Federation*, 180 F.3d at 729.

reference in the abstract to employment in general. These allegations are simply inadequate to constitute an injury-in-fact.

Moreover, even if by some stretch it could be argued that these speculative allegations are sufficient to show a concrete and particularized injury-in-fact, Czarnik's claims still fail for lack of standing because he has not sufficiently shown a causal connection between the alleged injury and the alleged wrongful conduct by Illumina or that a favorable decision on these claims is likely to remedy his alleged injury. In order to satisfy Article III, Czarnik must show that it is likely, and not merely speculative, that a start-up company would offer a job to Czarnik if he prevails on these claims and his name is added as co-inventor to these patents. There is simply no factual basis for this assertion -- just bare speculation -- in the complaint. There are a multitude of reasons why a potential employer, assuming one existed who was interested in hiring Czarnik, may have decided not to make him a job offer that have nothing to do with how many patents he may have co-invented. The Amended Complaint, aside from bare assertion that Illumina caused this injury, fails to show any factual connection between Illumina's conduct and the loss of one of these unidentified potential job offers.

The Supreme Court has made clear that allegations like Czarnik's do not meet the causation prong of Article III analysis: "[T]he 'case or controversy' limitation of Art. III still requires that a federal court act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court." *Simon v. E. Kentucky Welfare Rights Org., et al,* 426 U.S. 26, 41-42 (1976) (ordering dismissal of complaint for lack of standing since "[s]peculative inferences are necessary to connect [plaintiffs'] injury to the challenged action of petitioners…A federal court, properly cognizant [of] the Art. III limitation upon its jurisdiction, must require more than

respondents have shown before proceeding to the merits."). *See also*, *Warth*, 422 U.S. at 504 ("Petitioners must allege facts from which it reasonably could be inferred that, absent respondents' restricting zoning practices, there is a substantial probability that they would have been able to purchase or lease in Penfield and that, if the court affords the relief requested, the asserted inability of petitioners will be removed."); *Linda R.S. v. Richard D. et al.*, 410 U.S. 614, 617-18 (1973) (affirming dismissal of complaint seeking district attorney to enforce criminal statute penalizing non-payment of child support for lack of standing since allegation that enforcement of statute would result in payment of support "can, at best, be termed only speculative").

Even if Czarnik clears his other standing hurdles, there is no way he can surmount the requirement that a decision in his favor will be likely to redress his alleged injury. Czarnik has not asked the Court, nor does the Court have the power, to redress his injury by ordering some other company to hire him and pay him seven figures. And his suggestion that companies will be beating down his door to hire him if he is added as a co-inventor on the patents is at best pure speculation, and certainly not "likely" as is required. Thus, the third prong of the standing test is also not satisfied since it is not likely that this alleged injury will be redressed by a favorable decision. *See, e.g., ASARCO Inc. v. Kadish*, 490 U.S. 605, 615 (1989) (finding third prong not satisfied since whether "claims of economic injury would be redressed by a favorable decision in this case depends on the unfettered choices made by independent actors not before the courts and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict"). The *Warth* Court's explanation of the inadequacy of the plaintiffs' allegations in that case applies to Czarnik's amended complaint as well: "[Plaintiffs] rely on little more than the remote possibility, unsubstantiated by allegations of fact, that their situation might have been

better had respondents acted otherwise, and might improve were the court to afford relief." 422 U.S. at 507. Czarnik's speculative injuries regarding future employment fail to satisfy any of the requirements for standing under Article III, and thus his claims must be dismissed.

Having no recognizable interest in the patents and applications he seeks to correct and thus no cognizable injury, Czarnik lacks the requisite Article III standing with respect to Counts I and II. Moreover, it follows that Czarnik also lacks standing to bring his fraud claim (Count IV) that turns on the correction of inventorship issue. *See Chou*, 254 F.3d at 1361 (fraudulent nondisclosure claim turns on the status of an unnamed inventor as a true inventor) (citing *Univ. of Colorado Foundation v. American Cyanamid Co.*, 196 F.3d 1366, 1371-72 (Fed. Cir. 1999)). Accordingly, Counts I, II, and IV should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

**B.      Count II Should Be Dismissed Because Czarnik Has No Legal Basis To Seek Correction Of Inventorship Of Pending Patent Applications.**

Even if Czarnik's allegations were enough to confer Article III standing for his claims, he would still lack any statutory basis to seek correction of inventorship of pending patent applications. While 35 U.S.C. § 256 governs claims to correct inventorship of *issued patents*, this section does not pertain to correction of inventorship on *pending patent applications*. Since the applicable section (§ 116) does not create any jurisdiction in federal court to address inventorship issues on pending patent applications, Count II must be dismissed.

In Count II, Czarnik claims that "pursuant to 35 U.S.C. § 116 … inventorship should be corrected" of the pending U.S. applications identified in the complaint. (Amended Complaint at ¶ 121.)[4]  But § 116, the "statutory locus of joint inventorship doctrine," *Eli Lilly and Co. v.*

---

[4]    The only change to Count II in the amended complaint is the addition of paragraphs 122-123, which states the same reputational and loss of future job injuries discussed in the previous section. These additions are irrelevant to and have no impact on the question of whether § 116 confers jurisdiction on federal courts to order correction of inventorship of pending patent applications.

*Aradigm Corp.*, 376 F.3d 1352, 1358 (Fed. Cir. 2004), does not create jurisdiction over a correction of inventorship claim in federal court. That point was made clear by the Federal Circuit in *Eli Lilly*: "The text of Section 116 … only grants the Director of the Patent and Trademark Office the authority to take certain actions ***and plainly does not create a cause of action in the district courts to modify inventorship on pending patent applications***." *Id.* at 1356 n.1 (emphasis added); *see also Airport Surface Techs., L.L.C. v. FieldTurf, Inc.*, 268 F. Supp.2d 999, 1003 (N.D. Ill. 2003) ("Section 116 does not explicitly create jurisdiction in the district courts to preside over [correction of inventorship claims with respect to pending patent applications].")

Under this black-letter law, the proper, and indeed only, forum in which Czarnik's claims as to Illumina's pending U.S. patent applications can be heard is the United States Patent and Trademark Office. Thus, even if the Court had jurisdiction over Czarnik's claims as to the Illumina patents under § 256, it does not have jurisdiction as to the pending U.S. patent applications under § 116. Accordingly, the Court must dismiss Czarnik's allegations under Count II that relate to those applications pursuant to Fed. R. Civ. P. 12(b)(1). *See Airport Surface Techs.,* 268 F. Supp.2d at 1003-04.

    **C.    Count III Should Be Dismissed Because Czarnik Does Not Have Standing To Seek A Declaration of Unenforceability Under The Declaratory Judgment Act.**

Czarnik alleges that the Illumina patents and pending U.S. patent applications for which correction of inventorship is sought should be declared unenforceable based on inequitable conduct. (Amended Complaint, ¶ 125.) Because Czarnik's allegations do not establish the Court's jurisdiction under 28 U.S.C. § 2201 (the Declaratory Judgment Act), Count III should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

In keeping with Article III, the Declaratory Judgment Act requires the existence of an actual case or controversy as an absolute predicate for declaratory judgment jurisdiction. *Spectronics Corp. v. H.B. Fuller Co., Inc.*, 940 F.2d 631, 633-34 (Fed. Cir. 1991), *cert. denied* 502 U.S. 1013, 112 S.Ct. 658, 116 L.E.2d 749 (1991). Czarnik, as the declaratory plaintiff in Count III, bears the burden to establish, by a preponderance of the evidence, the existence of an actual case or controversy. *Black & Decker Inc. v. Robert Bosch Tool Corp.,* 371 F. Supp. 2d 965, 968 (N.D. Ill. 2005) (citing *Cardinal Chem. Co. v. Morton Int'l Inc.*, 508 U.S. 83, 95, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993)). Czarnik has not alleged any facts that come close to meeting this burden.

The Federal Circuit has established a two-part test to determine whether an actual controversy exists in a declaratory judgment action involving allegations of unenforceability. *Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1481 (Fed. Cir. 1998). That test requires the declaratory plaintiff to establish both: (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity. *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995) (quoting *BP Chems. Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed.Cir.1993)) (internal quotation marks and emphases omitted). "'[T]he purpose of the two-part test is to determine whether the need for judicial attention is real and immediate' in which case the federal courts have jurisdiction, or whether it is 'prospective and uncertain of occurrence' in which case they do not." *Id.* (quoting *BP Chemicals Ltd. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed. Cir. 1993)).

Czarnik fails both prongs of this test. First, Czarnik does not allege that Illumina has taken any action that could be conceived as an explicit threat or other action that could create a reasonable apprehension that he will face an infringement suit under the patents. Second, to Illumina's knowledge, there is no present activity by Czarnik that could constitute infringement of any of the issued patents, nor is there anything in the record that would suggest that he has taken any steps with the intent to conduct such activity. Czarnik cannot bootstrap an argument for jurisdiction based on the hypothetical and uncertain possibility that Illumina might assert these patents against someone in the future. *See BP Chems. Ltd.*, 4 F.3d at 978.

Equally unavailing is Czarnik's reference to "supplemental jurisdiction" in ¶ 12 of the Amended Complaint.[5] Supplemental jurisdiction allows a federal court to entertain otherwise cognizable non-federal claims if they can be tied with a federal claim properly before the court. Section 1367 cannot, however, be used to create a cause of action where none existed before. In order to seek declaratory relief, a plaintiff ***must*** comply with the requirements of the Declaratory Judgment Act in order to show that an actual case or controversy exists under Article III. This Constitutional requirement cannot be avoided or circumvented.[6] Accordingly, since there is no present dispute upon which to base declaratory judgment jurisdiction, Czarnik's claim to have the patents ruled unenforceable must be dismissed for lack of subject matter jurisdiction.

Further, even if there were jurisdiction regarding Czarnik's inequitable conduct claims as to Illumina's issued patents (which, as explained above, there is not), the Court would not have

---

[5]   Once again, the additional paragraphs regarding alleged injuries to reputation and future job prospects in the amended complaint has no effect on the question of whether this Court has jurisdiction under the Declaratory Judgment Act to hear this claim.

[6]   Supplemental jurisdiction simply has no application to Count III. There is no dispute that Count III involves a federal question since it is a patent claim. But, since it also seeks declaratory relief, the requirements necessary to satisfy declaratory judgment jurisdiction must also be present. As discussed above, neither requirement is met here.

jurisdiction over such claims as to Illumina's pending patent applications.  In the context of

pending patent applications, the Federal Circuit has held that "[a] broader inquiry than our two-

part 'test' is required [] because no patent ha[s] issued when the complaint was filed."  *GAF Bldg*

*Mat'ls Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 482-83 (Fed. Cir. 1996). In such a case, the

Federal Circuit applies basic principles articulated by the Supreme Court for determining

whether a justiciable case or controversy exists:

> A "controversy" in this sense must be one that is appropriate for
> judicial determination.   A justiciable controversy is thus
> distinguished from a difference or dispute of hypothetical or
> abstract character, from one that is academic or moot.   The
> controversy must be definite and concrete, touching the legal
> relations of parties having adverse legal interests.  It must be a real
> and substantial controversy admitting of specific relief through a
> decree of a conclusive character, as distinguished from an opinion
> advising what the state of the law would be upon a hypothetical
> state of facts.

*Id.* (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-41, 57 S.Ct. 461, 463-64, 81 L.Ed.

617 (1937)).

Applying these basic principles, the Federal Circuit, in *GAF Bldg Mat'ls Corp.*, held that

courts do not have jurisdiction over pending applications where noninfringement or invalidity is

at issue.  90 F.3d at 482.  Czarnik cannot distinguish this action based on the fact that he is

seeking a declaratory judgment of unenforceability.  *Black & Decker Inc.,* 371 F. Supp. 2d at 971

(dismissing declaratory judgment action based on inequitable conduct claim as to pending

applications).   Moreover, as stated in *Black & Decker Inc.,* because "it is possible for an

applicant to cure inequitable conduct during prosecution of the application, ... until a patent

issues, it is premature to analyze whether the patent will be unenforceable due to inequitable

conduct." *Black & Decker Inc.,* 371 F. Supp. 2d at 971 (citations omitted).

Here, as in *GAF Bldg Mat'ls Corp.* and *Black & Decker Inc.*, a ruling on the unenforceability of Illumina's patent applications would be merely advisory and academic. *See Black & Decker Inc.*, 371 F. Supp. 2d at 971. Because Illumina does not have any enforceable property rights until patents issue from its applications, *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 935 F.2d 1263, 1266 (Fed. Cir. 1991), Illumina has no rights for the Court to rule are unenforceable. *See Black & Decker Inc.*, 371 F. Supp. 2d at 971. Thus, the Court cannot provide "'specific relief through a decree of conclusive character' because there is no enforceable property rights for the Court to declare unenforceable." *Id.* at 971 (quoting *GAF Bldg Mat'ls Corp.*, 90 F.3d at 482). Thus, even if Czarnik can somehow achieve standing under the Declaratory Judgment Act, his request to have Illumina's patent applications declared unenforceable makes no sense and should be dismissed.

### D. Czarnik's Fraud Claim (Count IV) Must Be Dismissed Because It Does Not Allege A Cognizable Injury-In-Fact Caused By The Alleged Fraud.

Though it is difficult to pinpoint exactly what fraud and resulting injury Czarnik is complaining about in Count IV, his fraud claim suffers from the same defects as his prior claims -- lack of any injury to a recognizable interest -- and thus must be dismissed. Proof of fraud under Delaware law (the law cited by Czarnik in his complaint[7]) requires the following elements: (1) a false representation, usually one of fact, made by the defendant, (2) the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth, (3) an intent to induce the plaintiff to act or to refrain from acting, (4) the plaintiff's action or inaction taken in justifiable reliance upon the representation, and (5) ***damage to the plaintiff as a result of such reliance***. *Stephenson v. Capano Develop., Inc.*, 462 A.2d 1069,

---

[7]   Illumina does not necessarily agree that Delaware law is the appropriate law to govern Czarnik's fraud claim, but will apply this law for purposes of this motion.

1074 (Del. 1983) (emphasis added); *see also Browne v. Robb*, 583 A.2d 949, 955 (Del. 1990). Czarnik has not alleged facts sufficient to make out a viable claim of fraud under this standard.

If Czarnik is basing his fraud claim on Illumina's alleged misrepresentations regarding inventorship, then Czarnik's fraud claim fails because the purported misrepresentations were not made to Czarnik, and he thus could not have relied on them to his detriment. As best as Illumina can determine, however, Czarnik's fraud claim is based not on any fraud that Illumina committed in filing its patent applications with the USPTO, but rather based on its alleged concealment of these filings from Czarnik. To prove this fraud case, therefore, Czarnik must allege damages to him as a result of this concealment, as opposed to damages resulting from the underlying alleged failure to name him as a co-inventor on the patent applications.

Czarnik fails to allege facts to satisfy the injury or damages prong of a fraud claim under Delaware law. Czarnik does not allege any damage based on concealment of Illumina's inventorship determination -- nothing about this concealment, as opposed to the determination itself, is alleged to have caused Czarnik any harm. Put another way, Czarnik would be in the same situation whether or not the concealment occurred, seeking to correct inventorship because he disagrees with Illumina's inventorship determination. And even if Czarnik's claims of reputational damage or loss of potential future employment are considered, these are not sufficient to state a cognizable claim of injury to create jurisdiction in this Court. As discussed above, Czarnik has not alleged any concrete pecuniary impact that resulted from the alleged failure to name him as a co-inventor, or the alleged concealment of this fact from him. Moreover, he fails to show the necessary causal connection between Illumina's allegedly fraudulent actions and any "injury" alleged in the complaint. Thus, Czarnik's fraud claim fails to state a claim upon which relief can be granted, and Count IV must therefore be dismissed. *See,*

*e.g., Warner Comm'ns. v. Murdoch*, 581 F.Supp. 1482 (D. Del. 1984) (dismissing fraud-based RICO claim for failure to allege injury traceable to fraud).

## V.     CONCLUSION

For the foregoing reasons, Plaintiff Czarnik's Amended Complaint should be dismissed with prejudice.

Dated: October 7, 2005                    ___*/s/ Richard K. Herrmann*___
                                                      Richard K. Herrmann #405
                                                      MORRIS JAMES HITCHENS &
                                                      WILLIAMS LLP
                                                      222 Delaware Avenue, 10th Floor
                                                      Wilmington, DE  19801
                                                      (302) 888-6800

                                                      Mark A. Pals, P.C.
                                                      Marcus E. Sernel
                                                      KIRKLAND & ELLIS LLP
                                                      200 East Randolph Drive
                                                      Chicago, IL 60601
                                                      (312) 861-2000

                                                      ***Counsel for Illumina, Inc.***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 7th day of October, 2005, I electronically filed the foregoing document, **MEMORANDUM IN SUPPORT OF DEFENDANT ILLUMINA, INC.'S MOTION TO DISMISS CZARNIK'S AMENDED COMPLAINT**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:


Martin S. Lessner, Esq.
Adam W. Poff, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801


Additionally, I hereby certify that on the 7th day of October, 2005, the foregoing document was served via email on the following non-registered participants:


Martin M. Zoltick, Esq.
Lisa N. Phillips
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, DC  20005
mzoltick@rfem.com
lphillips@rfem.com


Dated: October 7, 2005          ___*/s/ Richard K. Herrmann*_____
                                *Richard K. Herrmann #405*
                                Mary B. Matterer #2696
                                MORRIS JAMES HITCHENS &
                                WILLIAMS LLP
                                222 Delaware Avenue, 10th Floor
                                Wilmington, DE  19801
                                (302) 888-6800
                                mmatterer@morrisjames.com

                                ***Counsel for Illumina, Inc.***

22