IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DR. ANTHONY CZARNIK,            :
                                :
        Plaintiff,              :
                                :
    v.                          :   Civil Action No. 05-400-JJF
                                :
ILLUMINA, INC.,                 :
                                :
        Defendant.              :

Adam Wyatt Poff, Esquire, of YOUNG, CONAWAY, STARGATT, & TAYLOR, Wilmington, Delaware.
Of Counsel: Martin M. Zoltick, Esquire, and Lisa N. Phillips, Esquire, of ROTHWELL, FIGG, ERNST, & MANBECK, PC, Washington, D.C.
Attorneys for Plaintiff.

Mary Matterer, Esquire, and Richard K. Herrmann, Esquire, of MORRIS, JAMES, HITCHENS, & WILLIAMS, Wilmington, Delaware.
Attorneys for Defendant.

**MEMORANDUM OPINION**

July 13, 2006
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court is Defendant Illumina, Inc.'s Motion To Dismiss Czarnik's Amended Complaint (D.I. 14). For the reasons discussed, the Motion will be granted in part and denied in part.

I.  BACKGROUND

The following facts are alleged in Plaintiff's Complaint. In May 1998, John Stuelpnagel and Mark Chee recruited Plaintiff to serve as Illumina's chief scientific officer. While at Illumina, Plaintiff invented two pieces of technology, one that could be used in decoding arrays to identify bioactive agents ("the IBL/DBL invention"), the other consisted of nanocrystals used to detect target analytes ("the nanocrystal invention").

In November 1998, Plaintiff began to exhibit symptoms of depression, which affected his work. Plaintiff disclosed his condition to Chee and Steulpnagel in April 1998. Plaintiff's employment was terminated in September 2000 by Jay Flatley, Illumina's then-acting chief executive officer. As a result, Plaintiff filed a complaint in the Superior Court of San Diego County, alleging that Defendant had wrongfully terminated him. The jury returned a verdict in Plaintiff's favor, finding that Illumina had discriminated against him based on his disability.

In August 2001, Robin Silva, a patent attorney working for Defendant, sent Plaintiff a letter informing him that Illumina

1

had filed a continuation-in-part application, on which the company believed Plaintiff was a co-inventor, and asked him to sign a non-disclosure agreement, so that the application and other documents could be provided to Plaintiff.  Plaintiff received another letter in October 2002, recognizing him as the inventor of another patent and asking him to assign all rights in the patent to Illumina.  Plaintiff signed the paperwork for both.

While reviewing the United States Patent and Trademark Office ("USPTO") website, Plaintiff discovered that Defendant had prosecuted many other patents that contained the IBL/DBL and nanocrystal inventions, but which failed to identify Plaintiff as an inventor.  Plaintiff filed letters with the USPTO, seeking to correct inventorship on patents, applications pending before the USPTO, and corresponding foreign applications.[1]  The USPTO has not responded to Plaintiff's filings.

On June 15, 2005, Plaintiff filed his Complaint in this Court for correction of ownership, declaratory judgments of patent unenforceability, and fraud.  In response, Defendant filed a motion to dismiss.  (D.I. 6).  Plaintiff subsequently filed an Amended Complaint, adding to his allegations of harm.  (D.I. 13).

---

[1]Plaintiff seeks correction of the following: United States Patent Nos. 6,544,732, 6,429,027, 6,858,394, 6,890,764, and 6,998,274, United States Patent Application Nos. 10/334,416, 09/606,369, 60/113,968, 10/194,192, 10/767,249, and 10/767, 476, and all corresponding foreign and international patent applications.

2

Defendant re-filed its motion to dismiss, and that motion is presently before the Court (D.I. 14).

**II.   PARTIES' CONTENTIONS**

By its Motion, Defendant contends that Plaintiff lacks standing to bring his claims for correction of inventorship. Alternatively, Defendant contends that Plaintiff cannot bring his claims to change inventorship on pending patent applications because the statute does not create such a cause of action in the district courts. Defendant further contends that Plaintiff cannot maintain his declaratory judgment action for unenforceability because there is no case or controversy. Finally, Defendant contends that Plaintiff has failed to state a claim for fraud under Delaware law.

In response, Plaintiff contends that he alleges sufficient facts in his Complaint to establish standing. Plaintiff further contends that the Court has supplemental jurisdiction over his declaratory judgment claims and that he has sufficiently pleaded all elements of a fraud claim.

**III. DISCUSSION**

    A.   <u>Whether Plaintiff Has Standing To Bring His Claims For Correction Of Inventorship Pursuant To 35 U.S.C. § 256</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the jurisdiction of the Court to address the merits of a plaintiff's complaint. Such a challenge may present either a facial or a factual challenge to subject matter

3

jurisdiction. See Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). When asserting a facial challenge, a defendant contends that the complaint alleges facts that, even if true, would be insufficient to establish the Court's jurisdiction. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). The parties agree that the instant case presents a facial challenge. Therefore, the Court must accept the facts alleged in the Complaint as true, and draw all reasonable inferences in favor of Plaintiff. Mortensen, 549 F.2d at 891.

In order to bring a claim in federal court, a plaintiff must meet the standing requirements of Article III. Accordingly, the plaintiff has the burden of demonstrating (1) an injury in fact, which is concrete and actual or imminent, (2) a causal connection between the injury and the conduct complained of, and (3) that the injury will be redressed by a decision of the court. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

In his Complaint, Plaintiff has alleged the following injuries as a result of Defendant's failure to name Plaintiff as an inventor on patents and patent applications:

> Dr. Czarnik has suffered damage to his reputation and standing within the scientific community, has not received the reputational benefits associated with being named as an inventor, and has suffered a loss of prestige within the scientific community resulting from his inventions being recognized as another's.
> ...

4

>Dr. Czarnik has not been able to "join another start-up and get another few hundred thousand shares of stock," which, as set forth above, amounted to an annual compensation of approximately $1 million.

(D.I. 13 at 34, 35-36, 43-44, 48).

Defendant contends that Plaintiff's allegations of reputational harm are insufficient to establish standing. However, in a recent decision, the Federal Circuit suggested, in dicta, that it "is not implausible" that reputational injury may be enough to satisfy standing requirements where an action is brought to change inventorship on a patent pursuant to 35 U.S.C. § 256. Chou v. Univ. of Chicago, 254 F.3d 1347, 1359 (Fed. Cir. 2001). The court explained that "being considered an inventor of important subject matter is a mark of success in one's field... Pecuniary consequences may well flow from being designated as an inventor." Id.

The Court concludes that, at this juncture, accepting all allegations in Plaintiff's Complaint as true, Plaintiff has alleged facts sufficient to establish standing. Here, Plaintiff has alleged that he has suffered harm to his reputation and standing in the scientific community. As a result, Plaintiff alleges that he has been unable to secure a position at a start-up company and earn a salary comparable to his salary at Illumina.[2]

---

[2] If this case proceeds to summary judgment, Plaintiff will be required to "'set forth' by affidavit or other evidence

5

Defendant cites <u>Kucharczyk v. Regents of University of California</u>, 48 F. Supp. 2d 964, 975 (N.D. Cal. 1999) and <u>L.G. Philips LCD Co., Ltd. v. Bovio</u>, C.A. No. 11076-RCL (D. Mass. Jan. 10, 2005) (D.I. 16, Ex. A) in support of its argument that Plaintiff lacks standing. The Court finds these cases distinguishable. In <u>Kucharczyk</u>, the plaintiffs, named inventors on the patent, sought to remove the name of another inventor. 48 F. Supp. 2d 964. The court concluded that the plaintiffs lacked standing because inaccuracy and a loss of pride are insufficient injuries. <u>Id</u>. at 975. In <u>L.G. Philips</u>, the plaintiff brought a declaratory judgment action against two alleged inventors. (D.I. 16, Ex. A). The court concluded that there was no case or controversy because the defendants promised that they would not sue to add or remove any names from the patents-in-suit. <u>Id</u>. at 69, 72. The court briefly discussed <u>Chou</u> and noted that, despite the dicta in <u>Chou</u>, reputational harm alone would be insufficient to establish standing. <u>Id</u>. at 26-28. Here, Plaintiff is suing to have his name added to the patent and is alleging more than injury to his pride; he also alleges pecuniary consequences that flow from the injury to his reputation. Accordingly, the Court will deny Defendant's motion to the extent it seeks to dismiss Plaintiff's correction of inventorship claims for lack of standing.

---

'specific facts'" establishing standing. <u>Lujan</u>, 504 U.S. at 561.

B. Whether The Court Should Dismiss Plaintiff's Claims For Correction of Inventorship On Pending Patent Applications

Plaintiff requests that the Court issue an order directing the USPTO and Defendant to correct inventorship on pending patent applications pursuant to 35 U.S.C. § 116.  Section 116 provides:

> Whenever through error a person is named in an application for patent as the inventor, or through error an inventor is not named in an application, and such error arose without any deceptive intention on his part, the Director may permit the application to be amended accordingly, under such terms as he prescribes.

The Federal Circuit has stated that this section "only grants the Director of the Patent and Trademark Office the authority to take certain actions and plainly does not create a cause of action in the district courts to modify inventorship on pending patent applications."  Eli Lilly & Co. v. Aradigm Corp., 376 F.3d 1352, 1357, n.1 (Fed. Cir. 2004).  While the statement in Eli Lilly was dicta, several district courts have reached the same conclusion.  See Airport Surface Techs., L.L.C. v. FieldTurf, Inc., 268 F. Supp. 2d 999, 1003 (N.D. Ill. 2003); Sagoma Plastics, Inc. v. Gelardi, 366 F. Supp. 2d 185 (D. Me. 2005); Stevens v. Broad Reach Cos., L.L.C., 2006 U.S. Dist. LEXIS 34908, at *16 (W.D. Mo. May 31, 2006).

Section 116 stands in contrast to 35 U.S.C. § 256, which expressly permits district courts to make changes to inventorship

7

on issued patents.[3] The Sixth Circuit has explained the difference between the two statutes:

> Comparing [Sections 116 and 256], it is clear that Congress intended to draw a distinction between patent applications and issued patents. While the patent is still in the process of gestation, it is solely within the authority of the Director. As soon as the patent actually comes into existence, the federal courts are empowered to correct any error that the Director may have committed. Such a scheme avoids premature litigation and litigation that could become futile if the Director declined to grant a patent or voluntarily acceded to the claims of the would-be inventor prior to issue.

E.I. Du Pont de Nemours & Co. v. Okuley, 344 F.3d 578, 583-84 (6th Cir. 2004). The Court finds this reasoning persuasive and will, therefore, dismiss Plaintiff's claims for correction of inventorship on pending patent applications.[4]

    C.    <u>Whether The Court Has Jurisdiction Over Plaintiff's Claims For Declaratory Judgments Of Unenforceability As To Defendant's U.S. Patents And Patent Applications</u>

Plaintiff contends that the Court should issue a declaratory judgment that Defendant's U.S. patents and pending patent

---

[3] 35 U.S.C. § 256 provides:
The error of omitting inventors or naming persons who are not inventors shall not invalidate the patent in which such error occurred if it can be corrected as provided in this section. The court before which such matter is called in question may order correction of the patent on notice and hearing of all parties concerned and the Director shall issue a certificate accordingly.

[4] Plaintiff contends that the Court has jurisdiction over his Section 116 claims because he has not requested that the Court directly correct inventorship but rather, requests an order directing the USPTO and Defendant to correct inventorship. The Court concludes, however, that it cannot do indirectly what it cannot do directly.

8

applications are unenforceable due to inequitable conduct. The Court concludes, however, that it lacks jurisdiction to consider Plaintiff's claims for declaratory judgments of unenforceability. The Declaratory Judgment Act "requires an actual controversy between the parties before a federal court may exercise jurisdiction." 28 U.S.C. § 2201(a); EMC Corp. v. Norand Corp., 89 F.3d 807, 801 (Fed. Cir. 2004). In patent cases, an actual controversy exists when there is both "(1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity." Gen-Probe, Inc. v. Vysis, Inc., 359 F.3d 1376, 1380 (Fed. Cir. 2004) (quoting BP Chems. Ltd. v. Union Carbide Corp., 4 F.3d 975, 978 (Fed. Cir. 1993)).

Here, Defendant has not threatened Plaintiff with litigation, explicitly or through its conduct, and therefore, Plaintiff lacks any reasonable apprehension of being sued. Furthermore, Plaintiff has not alleged that he is participating in any activity that could be considered infringement. Accordingly, the Court concludes that there is no actual controversy relating to Plaintiff's claims for declaratory

judgment of unenforceability.[5]

Plaintiff cites Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd., 292 F.3d 1363 (Fed. Cir. 2002), to support his argument for jurisdiction. The Court concludes that this case is inapplicable. In Frank's Casing Crew, the plaintiff filed a declaratory judgment action, seeking a judgment of non-infringement after it received a cease and desist letter. 292 F.3d at 1369-70. In response, the defendant filed an infringement suit against the plaintiff, and those cases, along with several others, were consolidated into one action. Id. at 1370. The declaratory judgment plaintiff alleged that the patent was unenforceable due to inequitable conduct in naming the incorrect inventors. Id. at 1370-71. While the court did not reach the question, an actual controversy was clearly present because the declaratory judgment plaintiff was accused of infringement.

The Court notes that even if there were a case or

---

[5]Plaintiff contends that the Court has supplemental jurisdiction over his unenforceability claims under 28 U.S.C. § 1367. Plaintiff cites two cases in support of his argument for supplemental jurisdiction, but both are inapposite because they pertain to supplemental jurisdiction over state law claims upon a finding of original jurisdiction. See Hideo Matsuda v. Michiko Wada, 128 F. Supp. 2d 659 (D. Haw. 2000); Geer v. Cox, 216 F.R.D. 677 (D. Kan. 2003). Here, the Court would have original jurisdiction over Plaintiff's declaratory judgment claims if Plaintiff could point to an actual controversy. The Court will not allow Plaintiff to sidestep the constitutional subject matter jurisdiction requirement of an actual case or controversy.

controversy regarding the unenforceability of Defendant's patents, the Court would not have jurisdiction over Plaintiff's declaratory judgment claims as they relate to pending patent applications. In GAF Bldg. Materials Corp. v. Elk Corp., 90 F.3d 479 (Fed. Cir. 1996), the Federal Circuit affirmed the lower court's conclusion that it lacked jurisdiction to declare the pending patent applications-in-suit invalid and not infringed. 90 F.3d 479. The court reasoned that a judgment that a future patent was invalid or not infringed would be hypothetical and would have no legal effect or meaning. Id. at 482. The Northern District of Illinois applied the same logic to a declaratory judgment action where the plaintiff sought to have a patent application declared unenforceable. Black & Decker, Inc. v. Robert Bosch Tool Corp., 371 F. Supp. 2d 965, 970-71 (N.D. Ill. 2005). In Black & Decker, the court rejected the plaintiff's argument that a declaratory judgment of unenforceability is different from one for invalidity or non-infringement "because the language of the specific claims that eventually issue is irrelevant to the determination of enforceability." Id. at 971. The court reasoned that it is possible to cure inequitable conduct during patent prosecution and further that, because there are no rights to declare unenforceable until the patent is issued, such a declaration would be "merely advisory and academic." Id. at 971. The Court finds this reasoning

11

persuasive. For all the reasons discussed above, the Court will dismiss all of Plaintiff's claims for declaratory judgments of unenforceability.

    D.    <u>Whether Plaintiff's Fraud Claim Should Be Dismissed Pursuant To Rule 12(b)(6)</u>

Finally, Defendant contends that Plaintiff's fraud claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) provides that the Court may dismiss a complaint for failure to state a claim upon which relief may be granted. <u>Fed. R. Civ. P.</u> 12(b)(6). The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. <u>Neitzke v. Williams</u>, 490 U.S. 319, 326-27 (1989); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255 (3d Cir. 1994).

Under Delaware law,[6] the elements of a common law fraud are:

    1)    a false representation, usually one of fact, made by the defendant;
    2)    the defendant's knowledge or belief that the representation was false, or was made with reckless indifference to the truth;
    3)    an intent to induce the plaintiff to act or refrain from acting;

---

[6]The parties agree that Delaware law applies for the purpose of the instant motion to dismiss only.

12

    4)    the plaintiff's action or inaction taken in justifiable reliance upon the representation; and
    5)    damage to the plaintiff as a result of such reliance.

Gaffin v. Teledyne, Inc., 611 A.2d 467, 472 (Del. 1992).

The Court concludes that Plaintiff has sufficiently alleged the elements of a fraud claim to survive Defendant's motion to dismiss. In his Complaint, Plaintiff alleges that Defendant intentionally concealed patents and patent applications that contained his inventions, while arbitrarily disclosing two USPTO filings. Stephenson v. Capano Dev., Inc., 462 A.2d 1069, 1072 (Del. 1983) (Fraud may "occur through the deliberate concealment of material facts."). Plaintiff further alleges that he justifiably relied on the concealment by failing to take action to ensure his name was on other patents and applications containing his inventions. Finally, Plaintiff alleges that he was not given the recognition he deserves and has been unable to find comparable employment as a result of his name being excluded from the patents and applications. Accordingly, the Court will deny Defendant's motion to dismiss as it relates to Plaintiff's claim for fraud.

## IV. CONCLUSION

For the reasons discussed, Defendant Illumina, Inc.'s Motion To Dismiss Czarnik's Amended Complaint (D.I. 14) will be granted in part and denied in part.

An appropriate Order will be entered.

13