IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DR. ANTHONY W. CZARNIK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ILLUMINA, INC. ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 1:05-CV-400-JJF |

**[PROPOSED] RULE 16 SCHEDULING ORDER**

In anticipation of the Status Conference to Schedule: Discovery, Final Pretrial Order and Final Pretrial Conference to be held on _____, **2007**, Plaintiff Dr. Anthony Czarnik ("Dr. Czarnik"), and Defendant, Illumina, Inc. ("Illumina"), by and through their undersigned attorneys, hereby submit the following proposed Rule 16 Scheduling Order:

The parties having satisfied their obligations under Fed. R. Civ. P. 26(f),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by **April 27, 2007** the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Joinder of other Parties.** All motions to join other parties shall be filed on or before **May 25, 2007.**

3. **Discovery.**

(a) Exchange and completion of contention interrogatories, identification of fact witnesses and document production shall be commenced so as to be completed by **June 29, 2007**.

(b) Maximum of 25 interrogatories, including contention interrogatories, for each side.

(c) Maximum of 100 requests for admission by each side.

(d) Maximum of 10 depositions by plaintiff(s) and 10 by defendant(s), excluding expert depositions. Depositions shall not commence until the discovery required by Paragraph 3(a, b and c) is completed. All discovery, including that required by Paragraph 3(e and f), shall be completed by **November 30, 2007**.

(e) Reports from retained experts required by Fed. R. Civ. P. 26(a)(2) are due from the party with the burden of proof on the subject of the expert's report by **September 28, 2007**, and from the opposing party by **October 31, 2007**.

(f) Any party desiring to depose an expert witness shall notice and complete said deposition no later than thirty (30) days from receipt of said expert's report, unless otherwise agreed in writing by the parties or ordered by the Court.

4. **Electronically Stored Information and its Disclosure.**

(a) Any party holding relevant and discoverable electronically stored information shall ensure that such information is preserved in its original native format from the date that this action was commenced through the end of the present litigation, whether terminated by settlement, dismissal (with or without prejudice) or actual court decision. Any such information which has been destroyed pursuant to a

standard document control practice or policy prior to the date of entry of this Order is exempt from this provision, however, from the date this Order is entered, such standard document control practices should be preempted to preserve relevant and discoverable information in its original native format.

(b) Any party producing electronically stored information shall produce it in the format in which such information was created or is presently stored. If a party is unable to produce such information in its native electronic format, then the party shall promptly advise all other parties, and the parties will seek to reach mutual agreement on the format for production of such information.

(c) In the event that any party inadvertently produces electronically held information it later discovers to be subject to the attorney client privilege or to protection as attorney work product, it should alert the receiving party of the inadvertent production within ten (10) days of production to the receiving party. Upon such notification, the receiving party should return or certify the destruction of the protected information within ten (10) days. In the event of a disagreement between the parties regarding the proper designation of the alleged protected electronically held information, the general procedures outlined in Fed. R. Civ. P. 26(b)(5) shall be followed.

5. **Non-Case Dispositive Motions.**

(a) Any non-case dispositive motion, along with an Opening Brief, shall be filed with a Notice of Motion. The Notice of Motion shall indicate the date on which the movant seeks to have the motion heard. The date selected shall be within 30 days of the filing of the motion and allow for briefing in accordance with the

Federal and Local Rules. Available motion dates will be posted on the Court's website at www.ded.uscourts.gov.

   (b) At the motion hearing, each side will be allocated twenty (20) minutes to argue and respond to questions from the Court.

   (c) Upon filing of the Notice of Motion, a copy of said Notice should be sent to Chambers by email at: jjf_civil@ded.uscourts.gov.

  6. **Amendment of the Pleadings.** All motions to amend the pleadings shall be filed on or before **July 27, 2007**.

  7. **Case Dispositive Motions.** Any case dispositive motions, pursuant to the Federal Rules of Civil Procedure, shall be served and filed with an opening brief on or before **January 11, 2008**. Briefing shall be pursuant to D. Del. LR 7.1.2. No case dispositive motion may be filed more than ten (10) days from the above date without leave of the Court. The Court will issue a separate Order regarding procedures for filing summary judgment motions.

  8. **Markman.** Plaintiff proposes that a Markman Hearing be held on **January 25, 2008**, and that briefing on the claim construction issues be completed at least ten (10) business days prior to the hearing (**January 11, 2008**). Plaintiff believes that the meaning of the claim terms in the patents at issue is relevant to the issue of inventorship and, to the extent the meaning of any of those claim terms is disputed, a Markman Hearing is necessary and appropriate. Defendant does not believe that a Markman Hearing is necessary or appropriate, given that only inventorship and fraud claims are at issue in the case, and there are thus no issues where a jury will need to apply claims as construed by the Court. If the Court deems a Markman Hearing to be

necessary, time will be allocated to the parties for the hearing after reviewing the briefing.

    9.    **Applications by Motion.**

    (a)    Any applications to the Court shall be by written motion filed with the Clerk of the Court in compliance with the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the United States District Court for the District of Delaware (Amended Effective January 1, 1995). Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1 and be made in accordance with the Court's December 15, 2006 Order on Procedures for Filing Non-dispositive motions in Patent Cases. Parties may file stipulated and unopposed Orders with the Clerk of the Court for the Court's review and signing. The Court will not consider applications and requests submitted by letter or in a form other than a motion.

    (b)    No facsimile transmissions will be accepted.

    (c)    No telephone calls shall be made to Chambers.

    (d)    Any party with a true emergency matter requiring the assistance of the Court shall e-mail Chambers at: jjf_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency.

    10.    **Pretrial Conference and Trial.** After reviewing the parties' Proposed Scheduling Order, the Court will schedule a Pretrial Conference.

The Court will determine whether the trial date should be scheduled when the Scheduling Order is entered or at the Pretrial Conference. If scheduling of the trial date is deferred until the Pretrial Conference, the parties and counsel shall anticipate and prepare for a trial to the held within sixty (60) to ninety (90) days of the Pretrial Conference.

_____            _____
DATE                                        UNITED STATES DISTRICT JUDGE