## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DR. ANTHONY CZARNIK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-400 (JJF) |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| ILLUMINA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF SERVICE OF SUBPOENAS DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rules 34 and 45 of the Federal Rules of Civil

Procedure, Plaintiff Dr. Anthony Czarnik has served or will serve subpoenas duces tecum with

accompanying schedules of document requests (Exhibits A and B hereto) on the following:

Nicky C. Espinosa
Dechert LLP
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040-1499

Robin M. Silva
Morgan Lewis
One Market
Spear Street Tower
San Francisco, CA 94105

OF COUNSEL:

Anthony R. Zeuli
MERCHANT & GOULD
3200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Tel: (612) 371-5208

Anthony F. Pantoni
ANTHONY F. PANTONI, ESQUIRE
501 West Broadway, Suite 1370
San Diego, CA 92101
Tel: (619) 235-4400

Dated: August 23, 2007
814576 / 32040

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19899
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Plaintiff*
*Dr. Anthony Czarnik*

# EXHIBIT A

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

DR. ANTHONY W. CZARNIK,
Plaintiff,

v.

ILLUMINA INC.,
Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER : 1:05-400 (JJF)
(Venued in the District of Delaware)

TO:    Nicky C. Espinosa
       Dechert LLP
       2440 W. El Camino Real
       Suite 700
       Mountain View, CA 94040-1499

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  This deposition will be recorded by stenographic and videographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:  SEE ATTACHMENT A

| PLACE | DATE AND TIME |
|---|---|
| Metro Legal Services | Friday, September 14, 2007 |
| c/o Bender's Legal Services | |
| 1625 The Alameda | |
| Suite 511 | |
| San Jose, CA 95126 | |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiff Dr. Anthony W. Czarnik | 8/21/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Anthony R. Zeuli, Esq.
MERCHANT & GOULD P.C.
3200 IDS Center, 80 South Eighth Street
Minneapolis, MN  55402        Phone:  612-332-5300

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                                              SIGNATURE OF SERVER

                                              _____
                                              ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

**YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents and things at the place, date and time specified in the accompanying subpoena:

## DEFINITIONS

1.  Unless otherwise specified, all terms shall be interpreted as they are used in the Federal Rules of Civil Procedure. These requests and the terms used herein shall be construed to require the fullest and most complete disclosure permitted by law.

2.  The term "communication" means any form of communication or transmission of information by one or more persons and/or between two or more persons by any means including, without limitation, any oral communication, whether in person, by telephone, computer or otherwise, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, e-mails, text messages, instant messages, computer linkups, written memoranda and face-to-face conversations, and any other oral or written communications.

3.  The term "document" is defined to the broadest extent permitted by Fed. R. Civ. P. 34, and includes, without limitation, any kind of tangible material in any medium of any type, upon which intelligence or information is recorded, or from which intelligence or information can be perceived, whether written, recorded, stored, microfilmed, microfiched, photographed, computerized, reduced to electronic or magnetic impulse, or otherwise preserved or rendered, that is or has been in your possession, control or custody, or of which you have knowledge.

4.  A document or communication "relating to" or "related to" any given subject matter means, without limitation, any document or communication that constitutes, comprises, contains, embodies, reflects, concerns, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified, and when used in connection with a request to produce a document, includes documents underlying, supporting, now or previously attached to, or used in the preparation of the requested document.

5.  The terms "you" and "your" mean the entity named on the subpoena to which this Attachment A is attached, its agents, employees, attorneys, representatives, or any other persons acting or purporting to act in concert with it or on its behalf.

6.  The term the "'732 Patent" means U.S. Patent No. 6,544,732.

7.  The term the "'027 Patent" means U.S. Patent No. 6,429,027.

8.  The term the "'394 Patent" means U.S. Patent No. 6,858,394.

9.  The term the "'764 Patent" means U.S. Patent No. 6,890,764.

10. The term the "'274 Patent" means U.S. Patent No. 6,998,274.

11. The term the "'754 Patent" means U.S. Patent No. 7,033,754.

12. The term "Patents-in-Suit" means the '732 Patent, the '027 Patent, the '394 Patent, the '764 Patent, and the '274 Patent.

13. The term "Illumina Patents" means (i) the Patents-in-Suit; (ii) the '754 patent; and (iii) any U.S. patents (including all reissues, extensions, and reexaminations) that claim priority, directly or indirectly, to any of the Patents-in-Suit or to any patent applications related to any of the Patents-in-Suit, including patents and patent applications which are descendants or ancestors of any of the Patents-in-Suit or any patent applications related to any of the Patents-in-Suit.

14. The term the "'476 Application" means U.S. Patent Application No. 10/767,476.

15. The term the "'095 Application" means PCT Patent Application No. 02/22095.

16. The term the "'249 Application" means U.S. Patent Application No. 10/767,249.

17. The term the "'387 Application" means PCT Patent Application No. 99/14387.

18. The term the "'940 Application" means PCT Patent Application No. 00/13940.

19. The term the "'321 Application" means U.S. Patent Application No. 10/187,321.

20. The term the "'213 Application" means U.S. Provisional Patent Application No. 60/302,213.

21. The term the "'526 Application" means U.S. Patent Application No. 09/344,526.

22. The term the "'369 Application" means U.S. Patent Application No. 09/606,369.

23. The term the "'543 Application" means U.S. Patent Application No. 09/189,543

24. The term the "'968 Application" means U.S. Provisional Patent Application No. 60/113,968.

25. The term the "'473 Application" means U.S. Provisional Patent Application No. 60/090,473.

26. The term "Applications-in-Suit" means the '476 Application, the '249 Application, the '940 Application, the '369 Application, and the '968 Application.

27. The term "Illumina Applications" means (i) the Applications-in-Suit; (2) the '095 Application, the '387 Application, the '321 Application, the '213 Application, the '526 Application, the '543 Application, and the '473 Application; and (3) any U.S. applications (including all continuations, continuations-in-part, divisionals, and requests for continued examination) that claim priority, directly or indirectly, to any of the Applications-in-Suit or to any patent applications related to any of the Applications-in-Suit, including patents and patent applications which are descendants or ancestors of any of the Applications-in-Suit or any patent applications related to any of the Applications-in-Suit.

28. The term "Illumina" means Illumina, Inc. and any of its any parents, predecessors, subsidiaries, affiliates, divisions, associated organizations, joint ventures, present and former officers, directors, trustees, employees, staff members, agents or representatives, including counsel and patent agents in any country, representatives, or any other persons acting or purporting to act in concert with it or on its behalf.

29. The term "person" means any legal entity, including, without limitation, natural persons, public or private corporations, companies, limited liability companies, firms, joint ventures, proprietorships, partnerships, governmental bodies or agencies, associations, organizations, groups, trusts and estates. Any reference herein to any "person," whether or not a party herein, that is a corporation, partnership, or any entity other than an individual, shall be construed as including, without limitation, all past and present directors, officers, employees, agents, representatives, partners and/or attorneys of the aforementioned entities.

30. The term "thing" means any tangible object other than a document including, without limitation, objects of every kind and nature, as well as prototypes, models, drafts, disks, memory, compositions and specimens thereof.

31. The terms "and," "or", and "and/or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

## INSTRUCTIONS

1. When the context herein makes it appropriate, each singular word shall include its plural and each plural shall include its singular.

2. In responding to these requests, you are required to furnish all documents available to you including, but not limited to, information in the possession or control of your attorneys, experts, advisers, agents, associates or any other person over whom you have control.

3. You are requested to produce all documents and things in the following categories that are in your possession, custody or control, in their entirety and without redaction or expurgation. "Possession, custody or control" shall be construed to the fullest extent provided under Federal Rules of Civil Procedure 34 and 45 and shall include, without limitation, those documents and things in the hands of any other person that you have the ability to demand or to gain access to in the ordinary course of business.

4. With respect to any information responsive to these requests that is electronically stored, you are required to ensure that such information is preserved in its original native format from the date that the subpoena is served through the end of the present litigation, whether terminated by settlement, dismissal (with or without prejudice) or actual court decision. You are required to produce all electronically stored information in the format in which such information was created or is presently stored. If you are unable to produce such information in its native electronic format, then you shall promptly advise counsel for Plaintiff identified on the subpoena to which this Attachment A is attached, and seek to reach mutual agreement on the format for production of such information

5. If any document is withheld based upon a claim of privilege or other protection, provide for each such document: (i) the date of the document, (ii) the names of all authors, (iii) the names of all recipients, (iv) the names of all cc and/or bcc recipients, (v) the type of document, (vi) a description of the document (vii) an identification of the privilege or protection claimed and (viii) a brief explanation of the basis of your claim of privilege or other protection.

6. Documents shall not be withheld on the grounds that they contain highly sensitive or confidential information, but instead shall be designated in accordance with the terms of the protective order to be entered in the action identified in the caption of the subpoena to which this attachment A is attached.

## DOCUMENTS REQUESTED

1.  Each document and thing relating to the Illumina Patents.

2.  Each document and thing relating to the Illumina Applications.

3.  Each document and thing relating to any non-U.S. patents or patent applications corresponding, in whole or in part, to, and/or that claim priority, directly or indirectly, to, any of the Illumina Patents.

4.  Each document and thing relating to any non-U.S. patents or patent applications corresponding, in whole or in part, to, and/or that claim priority, directly or indirectly, to, any of the Illumina Applications.

5.  Each document and thing relating to the conception, development, reduction to practice, and/or testing of the inventions claimed in any of the Illumina Patents (e.g., lab notebooks, research reports, invention disclosures, test results, prototypes, correspondence, memoranda, etc.).

6.  Each document and thing relating to the conception, development, reduction to practice, and/or testing of the inventions claimed in any of the Illumina Applications (e.g., lab notebooks, research reports, invention disclosures, test results, prototypes, correspondence, memoranda, etc.).

7.  Each document and thing relating to the preparation and prosecution of the Illumina Patents.

8.  Each document and thing relating to the preparation and prosecution of the Illumina Applications.

9.  Each document and thing relating to the inventorship of the Illumina Patents including, without limitation, any evaluation, study, analysis, opinion or consideration of any kind performed by You at the request of, or on behalf of, Illumina, relating to inventorship.

10. Each document and thing relating to the inventorship of the Illumina Applications including, without limitation, any evaluation, study, analysis, opinion or consideration of any kind performed by You at the request of, or on behalf of, Illumina, relating to inventorship.

11. Each document and thing relating to any communications regarding the Illumina Patents, including, without limitation, the inventions disclosed and/or claimed therein, the conception, development, reduction to practice and/or testing of the inventions disclosed and/or claimed therein, the preparation and prosecution of the Illumina Patents, and the inventorship of the Illumina patents.

5

12.  Each document and thing relating to any communications regarding the Illumina Applications, including, without limitation, the inventions disclosed and/or claimed therein, the conception, development, reduction to practice and/or testing of the inventions disclosed and/or claimed therein, the preparation and prosecution of the Illumina Applications, and the inventorship of the Illumina patents.

13.  Documents sufficient to identify (including by patent number, application serial number, and/or attorney docket number) all patents and applications (including, without limitation, presently pending or now abandoned applications) that disclose and/or claim any subject matter involving Identifier Binding Ligand ("IBL") and/or Decoder Binding Ligand ("DBL") technology, and the complete contents of any files (including, without limitation, paper files, files stored electronically, or otherwise) relating thereto.

14.  Documents sufficient to identify (including by patent number, application serial number, and/or attorney docket number) all patents and applications (including, without limitation, presently pending or now abandoned applications) that disclose and/or claim any subject matter involving technology relating to encapsulating and/or embedding encoding quantum dots, which are also referred to as nanocrystals, into beads (*e.g.*, porous silica beads) for use in bead-based analytic systems for the detection of target analytes, and the complete contents of any files (including, without limitation, paper files, files stored electronically, or otherwise) relating thereto.

15.  Documents sufficient to show your firm client-matter number, file number, attorney docket number or the like for each of the Illumina Patents and any matters related thereto for which your firm did maintain, or currently does maintain, any files (including, without limitation, paper files, files stored electronically, or otherwise), and the complete contents of all such files.

16.  Documents sufficient to show your firm client-matter number, file number, attorney docket number or the like for each of the Illumina Applications and any matters related thereto for which your firm did maintain, or currently does maintain, any files (including, without limitation, paper files, files stored electronically, or otherwise), and the complete contents of all such files.

17.  Documents sufficient to identify all persons who participated in, are knowledgeable with regard to, or who were involved in any way with, any aspect of the Illumina Patents and/or the inventions disclosed and/or claimed therein, including, without limitation, activities relating to conception, development, reduction to practice, testing, evaluation, patentability, inventorship, application preparation, prosecution, proceedings, and any other activities performed by you or your firm in connection with any aspect of the Illumina Patents and/or the inventions disclosed and/or claimed therein.

18.    Documents sufficient to identify all persons who participated in, are knowledgeable with regard to, or who were involved in any way with, any aspect of the Illumina Applications and/or the inventions disclosed and/or claimed therein, including, without limitation, activities relating to conception, development, reduction to practice, testing, evaluation, patentability, inventorship, application preparation, prosecution, proceedings, and any other activities performed by you or your firm in connection with any aspect of the Illumina Applications and/or the inventions disclosed and/or claimed therein.

19.    Each draft of any document filed with any patent office (i.e., in the United States or in any other country) relating to filing, prosecution or any other patent office proceeeding or action in connection with any of the Illumina Patents.

20.    Each draft of any document filed with any patent office (i.e., in the United States or in any other country) relating to filing, prosecution or any other patent office proceeeding or action in connection with any of the Illumina Applications.

21.    Each document or communication of any kind, including, but not limited to, invention disclosures, authored by, or authored under the direction of, any of the inventors named on any of the Illumina Patents.

22.    Each document or communication of any kind, including, but not limited to, invention disclosures, authored by, or authored under the direction of, any of the inventors named on any of the Illumina Applications.

23.    Each document and thing identified as being prior art relating to the inventions claimed in the Illumina Patents, and any evaluation, study, analysis, opinion or consideration of any kind performed by You at the request of, or on behalf of, Illumina, relating to such prior art.

24.    Each document and thing identified as being prior art relating to the inventions claimed in the Illumina Applications, and any evaluation, study, analysis, opinion or consideration of any kind performed by You at the request of, or on behalf of, Illumina, relating to such prior art.

25.    Each document or thing relating to Mark Chee, Steven Auger, John Stuelpnagel, Steven Barnard, Chanfeng Zhao, Jian-Bing Fan, Gan Wang, Laura Casas, Shawn Baker, Robert Kain, Dr. Anthony W. Czarnik, and/or any other individual named as an inventor in any patent or application involving or relating to IBL and/or DBL technology.

26.    Each document or thing relating to Illumina involving or relating to IBL and/or DBL technology.

27.    Each document or thing relating to Mark Chee, Steven Auger, John Stuelpnagel, Steven Barnard, Chanfeng Zhao, Jian-Bing Fan, Gan Wang, Laura Casas, Shawn

Baker, Robert Kain, Dr. Anthony W. Czarnik, and/or any other individual named as an inventor in any patent or application involving or relating to technology relating to encapsulating and/or embedding encoding quantum dots, which are also referred to as nanocrystals, into beads (*e.g.*, porous silica beads) for use in bead-based analytic systems for the detection of target analytes.

28.   Each document or thing relating to Illumina involving or relating to technology relating to encapsulating and/or embedding encoding quantum dots, which are also referred to as nanocrystals, into beads (*e.g.*, porous silica beads) for use in bead-based analytic systems for the detection of target analytes.

29.   Each publication, article, manuscript, note, poster, grant proposal, presentation, book, paper or the like, and each draft thereof, authored by any inventor named on any of the Illumina Patents or Illumina Applications involving or relating to IBL and/or DBL technology, or technology relating to encapsulating and/or embedding encoding quantum dots, which are also referred to as nanocrystals, into beads (*e.g.*, porous silica beads) for use in bead-based analytic systems for the detection of target analytes.

30.   A copy of your policy regarding document retention and destruction, beginning with the policy in effect in 1998 through the policy presently in effect.

8

# EXHIBIT B

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

~~DR. ANTHONY W. CZARNIK,~~
Plaintiff,

v.

ILLUMINA INC.,
Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER : 1:05- 400 (JJF)
(Venued in the District of Delaware)

TO:    Robin M. Silva
       Morgan Lewis
       One Market
       Spear Street Tower
       San Francisco, CA 94105

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.  This deposition will be recorded by stenographic and videographic means.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:  SEE ATTACHMENT A

| PLACE | DATE AND TIME |
|---|---|
| Metro Legal Services | Friday, September 14, 2007 |
| c/o Specialized Legal Services |  |
| 1112 Bryant Street |  |
| Suite 200 |  |
| San Francisco, CA 94103 |  |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Anthony K. Zeuli*  Attorney for Plaintiff Dr. Anthony W. Czarnik | 8/21/07 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Anthony R. Zeuli, Esq.
MERCHANT & GOULD P.C.
3200 IDS Center, 80 South Eighth Street
Minneapolis, MN  55402        Phone: 612-332-5300

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|
|      |       |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|
|                        |                   |

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|
|                        |       |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On a timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A

**YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents and things at the place, date and time specified in the accompanying subpoena:

## DEFINITIONS

1. Unless otherwise specified, all terms shall be interpreted as they are used in the Federal Rules of Civil Procedure. These requests and the terms used herein shall be construed to require the fullest and most complete disclosure permitted by law.

2. The term "communication" means any form of communication or transmission of information by one or more persons and/or between two or more persons by any means including, without limitation, any oral communication, whether in person, by telephone, computer or otherwise, telephone conversations, letters, telegrams, teletypes, telexes, telecopies, e-mails, text messages, instant messages, computer linkups, written memoranda and face-to-face conversations, and any other oral or written communications.

3. The term "document" is defined to the broadest extent permitted by Fed. R. Civ. P. 34, and includes, without limitation, any kind of tangible material in any medium of any type, upon which intelligence or information is recorded, or from which intelligence or information can be perceived, whether written, recorded, stored, microfilmed, microfiched, photographed, computerized, reduced to electronic or magnetic impulse, or otherwise preserved or rendered, that is or has been in your possession, control or custody, or of which you have knowledge.

4. A document or communication "relating to" or "related to" any given subject matter means, without limitation, any document or communication that constitutes, comprises, contains, embodies, reflects, concerns, identifies, states, refers directly or indirectly to, or is in any way relevant to the particular subject matter identified, and when used in connection with a request to produce a document, includes documents underlying, supporting, now or previously attached to, or used in the preparation of the requested document.

5. The terms "you" and "your" mean the entity named on the subpoena to which this Attachment A is attached, its agents, employees, attorneys, representatives, or any other persons acting or purporting to act in concert with it or on its behalf.

6. The term the "'732 Patent" means U.S. Patent No. 6,544,732.

7. The term the "'027 Patent" means U.S. Patent No. 6,429,027.

8. The term the "'394 Patent" means U.S. Patent No. 6,858,394.

1

9. The term the "'764 Patent" means U.S. Patent No. 6,890,764.

10. The term the "'274 Patent" means U.S. Patent No. 6,998,274.

11. The term the "'754 Patent" means U.S. Patent No. 7,033,754.

12. The term "Patents-in-Suit" means the '732 Patent, the '027 Patent, the '394 Patent, the '764 Patent, and the '274 Patent.

13. The term "Illumina Patents" means (i) the Patents-in-Suit; (ii) the '754 patent; and (iii) any U.S. patents (including all reissues, extensions, and reexaminations) that claim priority, directly or indirectly, to any of the Patents-in-Suit or to any patent applications related to any of the Patents-in-Suit, including patents and patent applications which are descendants or ancestors of any of the Patents-in-Suit or any patent applications related to any of the Patents-in-Suit.

14. The term the "'476 Application" means U.S. Patent Application No. 10/767,476.

15. The term the "'095 Application" means PCT Patent Application No. 02/22095.

16. The term the "'249 Application" means U.S. Patent Application No. 10/767,249.

17. The term the "'387 Application" means PCT Patent Application No. 99/14387.

18. The term the "'940 Application" means PCT Patent Application No. 00/13940.

19. The term the "'321 Application" means U.S. Patent Application No. 10/187,321.

20. The term the "'213 Application" means U.S. Provisional Patent Application No. 60/302,213.

21. The term the "'526 Application" means U.S. Patent Application No. 09/344,526.

22. The term the "'369 Application" means U.S. Patent Application No. 09/606,369.

23. The term the "'543 Application" means U.S. Patent Application No. 09/189,543

24. The term the "'968 Application" means U.S. Provisional Patent Application No. 60/113,968.

25. The term the "'473 Application" means U.S. Provisional Patent Application No. 60/090,473.

26. The term "Applications-in-Suit" means the '476 Application, the '249 Application, the '940 Application, the '369 Application, and the '968 Application.

27. The term "Illumina Applications" means (i) the Applications-in-Suit; (2) the '095 Application, the '387 Application, the '321 Application, the '213 Application, the '526 Application, the '543 Application, and the '473 Application; and (3) any U.S. applications (including all continuations, continuations-in-part, divisionals, and requests for continued examination) that claim priority, directly or indirectly, to any of the Applications-in-Suit or to any patent applications related to any of the Applications-in-Suit, including patents and patent applications which are descendants or ancestors of any of the Applications-in-Suit or any patent applications related to any of the Applications-in-Suit.

28. The term "Illumina" means Illumina, Inc. and any of its any parents, predecessors, subsidiaries, affiliates, divisions, associated organizations, joint ventures, present and former officers, directors, trustees, employees, staff members, agents or representatives, including counsel and patent agents in any country, representatives, or any other persons acting or purporting to act in concert with it or on its behalf.

29. The term "person" means any legal entity, including, without limitation, natural persons, public or private corporations, companies, limited liability companies, firms, joint ventures, proprietorships, partnerships, governmental bodies or agencies, associations, organizations, groups, trusts and estates. Any reference herein to any "person," whether or not a party herein, that is a corporation, partnership, or any entity other than an individual, shall be construed as including, without limitation, all past and present directors, officers, employees, agents, representatives, partners and/or attorneys of the aforementioned entities.

30. The term "thing" means any tangible object other than a document including, without limitation, objects of every kind and nature, as well as prototypes, models, drafts, disks, memory, compositions and specimens thereof.

31. The terms "and," "or", and "and/or" shall be construed conjunctively or disjunctively as is necessary to make the request inclusive rather than exclusive.

## INSTRUCTIONS

1.  When the context herein makes it appropriate, each singular word shall include its plural and each plural shall include its singular.

2.  In responding to these requests, you are required to furnish all documents available to you including, but not limited to, information in the possession or control of your attorneys, experts, advisers, agents, associates or any other person over whom you have control.

3.  You are requested to produce all documents and things in the following categories that are in your possession, custody or control, in their entirety and without redaction or expurgation. "Possession, custody or control" shall be construed to the fullest extent provided under Federal Rules of Civil Procedure 34 and 45 and shall include, without limitation, those documents and things in the hands of any other person that you have the ability to demand or to gain access to in the ordinary course of business.

4.  With respect to any information responsive to these requests that is electronically stored, you are required to ensure that such information is preserved in its original native format from the date that the subpoena is served through the end of the present litigation, whether terminated by settlement, dismissal (with or without prejudice) or actual court decision. You are required to produce all electronically stored information in the format in which such information was created or is presently stored. If you are unable to produce such information in its native electronic format, then you shall promptly advise counsel for Plaintiff identified on the subpoena to which this Attachment A is attached, and seek to reach mutual agreement on the format for production of such information

5.  If any document is withheld based upon a claim of privilege or other protection, provide for each such document: (i) the date of the document, (ii) the names of all authors, (iii) the names of all recipients, (iv) the names of all cc and/or bcc recipients, (v) the type of document, (vi) a description of the document (vii) an identification of the privilege or protection claimed and (viii) a brief explanation of the basis of your claim of privilege or other protection.

6.  Documents shall not be withheld on the grounds that they contain highly sensitive or confidential information, but instead shall be designated in accordance with the terms of the protective order to be entered in the action identified in the caption of the subpoena to which this attachment A is attached.

## DOCUMENTS REQUESTED

1. Each document and thing relating to the Illumina Patents.

2. Each document and thing relating to the Illumina Applications.

3. Each document and thing relating to any non-U.S. patents or patent applications corresponding, in whole or in part, to, and/or that claim priority, directly or indirectly, to, any of the Illumina Patents.

4. Each document and thing relating to any non-U.S. patents or patent applications corresponding, in whole or in part, to, and/or that claim priority, directly or indirectly, to, any of the Illumina Applications.

5. Each document and thing relating to the conception, development, reduction to practice, and/or testing of the inventions claimed in any of the Illumina Patents (e.g., lab notebooks, research reports, invention disclosures, test results, prototypes, correspondence, memoranda, etc.).

6. Each document and thing relating to the conception, development, reduction to practice, and/or testing of the inventions claimed in any of the Illumina Applications (e.g., lab notebooks, research reports, invention disclosures, test results, prototypes, correspondence, memoranda, etc.).

7. Each document and thing relating to the preparation and prosecution of the Illumina Patents.

8. Each document and thing relating to the preparation and prosecution of the Illumina Applications.

9. Each document and thing relating to the inventorship of the Illumina Patents including, without limitation, any evaluation, study, analysis, opinion or consideration of any kind performed by You at the request of, or on behalf of, Illumina, relating to inventorship.

10. Each document and thing relating to the inventorship of the Illumina Applications including, without limitation, any evaluation, study, analysis, opinion or consideration of any kind performed by You at the request of, or on behalf of, Illumina, relating to inventorship.

11. Each document and thing relating to any communications regarding the Illumina Patents, including, without limitation, the inventions disclosed and/or claimed therein, the conception, development, reduction to practice and/or testing of the inventions disclosed and/or claimed therein, the preparation and prosecution of the Illumina Patents, and the inventorship of the Illumina patents.

12. Each document and thing relating to any communications regarding the Illumina Applications, including, without limitation, the inventions disclosed and/or claimed therein, the conception, development, reduction to practice and/or testing of the inventions disclosed and/or claimed therein, the preparation and prosecution of the Illumina Applications, and the inventorship of the Illumina patents.

13. Documents sufficient to identify (including by patent number, application serial number, and/or attorney docket number) all patents and applications (including, without limitation, presently pending or now abandoned applications) that disclose and/or claim any subject matter involving Identifier Binding Ligand ("IBL") and/or Decoder Binding Ligand ("DBL") technology, and the complete contents of any files (including, without limitation, paper files, files stored electronically, or otherwise) relating thereto.

14. Documents sufficient to identify (including by patent number, application serial number, and/or attorney docket number) all patents and applications (including, without limitation, presently pending or now abandoned applications) that disclose and/or claim any subject matter involving technology relating to encapsulating and/or embedding encoding quantum dots, which are also referred to as nanocrystals, into beads (e.g., porous silica beads) for use in bead-based analytic systems for the detection of target analytes, and the complete contents of any files (including, without limitation, paper files, files stored electronically, or otherwise) relating thereto.

15. Documents sufficient to show your firm client-matter number, file number, attorney docket number or the like for each of the Illumina Patents and any matters related thereto for which your firm did maintain, or currently does maintain, any files (including, without limitation, paper files, files stored electronically, or otherwise), and the complete contents of all such files.

16. Documents sufficient to show your firm client-matter number, file number, attorney docket number or the like for each of the Illumina Applications and any matters related thereto for which your firm did maintain, or currently does maintain, any files (including, without limitation, paper files, files stored electronically, or otherwise), and the complete contents of all such files.

17. Documents sufficient to identify all persons who participated in, are knowledgeable with regard to, or who were involved in any way with, any aspect of the Illumina Patents and/or the inventions disclosed and/or claimed therein, including, without limitation, activities relating to conception, development, reduction to practice, testing, evaluation, patentability, inventorship, application preparation, prosecution, proceedings, and any other activities performed by you or your firm in connection with any aspect of the Illumina Patents and/or the inventions disclosed and/or claimed therein.

18.  Documents sufficient to identify all persons who participated in, are knowledgeable with regard to, or who were involved in any way with, any aspect of the Illumina Applications and/or the inventions disclosed and/or claimed therein, including, without limitation, activities relating to conception, development, reduction to practice, testing, evaluation, patentability, inventorship, application preparation, prosecution, proceedings, and any other activities performed by you or your firm in connection with any aspect of the Illumina Applications and/or the inventions disclosed and/or claimed therein.

19.  Each draft of any document filed with any patent office (i.e., in the United States or in any other country) relating to filing, prosecution or any other patent office proceeeding or action in connection with any of the Illumina Patents.

20.  Each draft of any document filed with any patent office (i.e., in the United States or in any other country) relating to filing, prosecution or any other patent office proceeeding or action in connection with any of the Illumina Applications.

21.  Each document or communication of any kind, including, but not limited to, invention disclosures, authored by, or authored under the direction of, any of the inventors named on any of the Illumina Patents.

22.  Each document or communication of any kind, including, but not limited to, invention disclosures, authored by, or authored under the direction of, any of the inventors named on any of the Illumina Applications.

23.  Each document and thing identified as being prior art relating to the inventions claimed in the Illumina Patents, and any evaluation, study, analysis, opinion or consideration of any kind performed by You at the request of, or on behalf of, Illumina, relating to such prior art.

24.  Each document and thing identified as being prior art relating to the inventions claimed in the Illumina Applications, and any evaluation, study, analysis, opinion or consideration of any kind performed by You at the request of, or on behalf of, Illumina, relating to such prior art.

25.  Each document or thing relating to Mark Chee, Steven Auger, John Stuelpnagel, Steven Barnard, Chanfeng Zhao, Jian-Bing Fan, Gan Wang, Laura Casas, Shawn Baker, Robert Kain, Dr. Anthony W. Czarnik, and/or any other individual named as an inventor in any patent or application involving or relating to IBL and/or DBL technology.

26.  Each document or thing relating to Illumina involving or relating to IBL and/or DBL technology.

27.  Each document or thing relating to Mark Chee, Steven Auger, John Stuelpnagel, Steven Barnard, Chanfeng Zhao, Jian-Bing Fan, Gan Wang, Laura Casas, Shawn

7

Baker, Robert Kain, Dr. Anthony W. Czarnik, and/or any other individual named as an inventor in any patent or application involving or relating to technology relating to encapsulating and/or embedding encoding quantum dots, which are also referred to as nanocrystals, into beads (*e.g.*, porous silica beads) for use in bead-based analytic systems for the detection of target analytes.

28.    Each document or thing relating to Illumina involving or relating to technology relating to encapsulating and/or embedding encoding quantum dots, which are also referred to as nanocrystals, into beads (*e.g.*, porous silica beads) for use in bead-based analytic systems for the detection of target analytes.

29.    Each publication, article, manuscript, note, poster, grant proposal, presentation, book, paper or the like, and each draft thereof, authored by any inventor named on any of the Illumina Patents or Illumina Applications involving or relating to IBL and/or DBL technology, or technology relating to encapsulating and/or embedding encoding quantum dots, which are also referred to as nanocrystals, into beads (*e.g.*, porous silica beads) for use in bead-based analytic systems for the detection of target analytes.

30.    A copy of your policy regarding document retention and destruction, beginning with the policy in effect in 1998 through the policy presently in effect.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on August 23, 2007, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on August 23, 2007, I have Electronically Mailed the document to the following person(s):

Richard K. Herrmann
Mary B. Matterer
Morris James Hitchens & Williams LLP
222 Delaware Avenue, 10th Floor
919 N. Market Street, Suite 1100
Wilmington, DE 19801
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Mark A. Pals, P.C.
Marcus E. Sernel
Stephen T. Webb
Kirkland & Ellis LLP
200 East Randolph Drive
Chicago, IL 60601
mpals@kirkland.com
msernel@kirkland.com
swebb@kirkland.com

/s/ David E. Moore
Richard L. Horwitz
David E. Moore
Potter Anderson & Corroon LLP
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

809406 / 32040