IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| DR. ANTHONY W. CZARNIK,  )<br>  )<br>    Plaintiff,  )<br>  )<br>v.  )<br>  )<br>ILLUMINA, INC.,  )<br>  )<br>    Defendant.  )<br>  ) | Civil Action No. 05-400 JJF<br><br>PUBLIC VERSION |

## ILLUMINA, INC.'S MOTION TO DISQUALIFY MERCHANT & GOULD P.C.

Originally filed: October 12, 2007
Public version filed: October 30, 2007

Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES S LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800

Marcus E. Sernel
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

*Counsel for Illumina, Inc.*

# **TABLE OF CONTENTS**

Page

I. NATURE AND STAGE OF PROCEEDINGS ...................................................................1

II. FACTUAL BACKGROUND..............................................................................................3

    A. Merchant & Gould Previously Represented Illumina On Related Patent Matters. ....................................................................................................................3

    B. Merchant & Gould's Current Representation Of Czarnik Against Illumina. ..........4

III. ARGUMENT......................................................................................................................5

    A. Delaware Law Precludes Merchant & Gould From Representing A Party Adverse to Illumina In A Matter That Is Substantially Related To Its Prior Representation Of Illumina. ....................................................................................5

    B. Merchant & Gould's Prior Representation Of Illumina Is Substantially Related To The Issues In The Present Case.............................................................7

        1. There Is Substantial Overlap In Merchant & Gould's Prior Work For Illumina And The Issues In The Present Case. ...........................................7

        2. Merchant And Gould's Conflict Of Interest Could Become Even More Acute In The Future. ..........................................................................8

IV. CONCLUSION...................................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Conley v. Chaffinch*,
 431 F.Supp.2d 494 (D. Del. 2006) ............................................................................... 6, 7

*Panduit Corp. v. All States Plastic Manuf. Co., Inc.*,
 744 F.2d 1564 (Fed. Cir. 1984) ........................................................................................ 5

*In re Pioneer Hi-Bred Int'l, Inc.*,
 238 F.3d 1370 (Fed. Cir. 2001) ........................................................................................ 5

*U.S. v. Miller*,
 624 F.2d 1198 (3d. Cir. 1980) ..................................................................................... 5, 6

*Webb v. E.I. Du Pont de Nemours & Co., Inc.*,
 811 F.Supp. 158 (D. Del. 1992) ...................................................................................... 7

**Rules**

Local Rule 83.6(d)(2) ............................................................................................................. 6

Rule 1.9(a) of the Model Rules of Professional Conduct ..................................................... 6

Defendant Illumina, Inc. ("Illumina") moves to disqualify the law firm of Merchant & Gould, P.C. ("Merchant & Gould") from its representation of Plaintiff Anthony Czarnik ("Czarnik") in the instant case because Merchant & Gould previously represented Illumina in a substantially related patent matter. The instant case relates to Czarnik's allegations that Illumina improperly and fraudulently excluded Czarnik from being named as a co-inventor on patent applications relating to technology referred to as Identifier Binding Ligand/Decoder Binding Ligand ("IBL/DBL"). Merchant & Gould recently filed an appearance to represent Czarnik in this case despite the fact that it previously represented Illumina in a patent prosecution matter wherein Merchant & Gould **REDACTED**

Illumina raised this conflict issue with Merchant & Gould, but Merchant & Gould refused to withdraw from the case.[1]

Well-established Delaware law precludes Merchant & Gould from representing Dr. Czarnik adverse to Illumina in the instant matter because of its prior representation of Illumina on a very substantially related matter. Therefore, Illumina respectfully requests that Merchant & Gould be disqualified from the case.

I.  **NATURE AND STAGE OF PROCEEDINGS**

Defendant Illumina is a technology-based company based in San Diego that offers products and services for genetic analysis. Among other products, Illumina produces and sells nucleic acid microarrays which utilize Illumina's BeadArray technology.

---

[1] Although Illumina raised this issue with Merchant & Gould several weeks ago, the parties were in the middle of seeking a possible out-of-court resolution of this dispute. Illumina filed this motion as soon as it became apparent that the case was going to proceed in this court with Merchant & Gould as counsel.

Plaintiff Anthony Czarnik, a former Chief Scientific Officer of Illumina who left the company in 2000, alleges in this case that he should be named as a co-inventor on certain of Illumina's patents. Specifically, Czarnik claims that he contributed to the conception of two inventions, including the IBL/DBL concept, which can be used to decode arrays to identify bioactive agents, and the "Embedded/Encapsulated Nanocrystal Invention," which consists of nanocrysals used to detect target analytes. Czarnik alleges that these two inventions form the basis for the inventions claimed in the patents-at-issue.

Czarnik's Second Amended Complaint is currently pending before this Court and includes claims for correction of inventorship on certain of Illumina's issued patents and related claims for negligence and fraud as a result of Illumina's failure to name him as a co-inventor of the patents at issue.[2] In accordance with this Court's scheduling order, fact discovery is scheduled to close on November 30, 2007 and expert discovery is scheduled to close by the end of December. (3/28/2007 Scheduling Order, D.I. 28; 8/29/2007 Stip. to Am. Sched. Order, D.I. 56).

On July 27, 2007, Czanik filed a Notice of Withdrawal and Substitution of Trial Counsel in which Merchant & Gould and two other law firms entered appearances for Czarnik. (D.I. 46)

---

[2] Czarnik's June 15, 2005 Complaint brought claims for correction of inventorship, declaratory judgment of patent unenforceability, and fraud. (6/15/2006 Cmplt., D.I. 1) Illumina filed a Motion to Dismiss on August 4, 2005. (D.I. 6) Czarnik filed an Amended Complaint that added additional factual allegations. (9/23/2005 Am. Cmplt., D.I. 13). After Czarnik amended his complaint, Illumina filed a renewed Motion to Dismiss. (10/07/2005 M. to Dismiss, D.I. 14) On July 13, 2006 this Court dismissed Czarnik's claims for correction of inventorship on pending patent applications and declaratory judgment of unenforceability. (7/13/2007 Mem. Op. D.I. 20). Czarnik filed a Second Amended Complaint that added a claim of negligence. (8/02/2007 Second Am. Cmplt., D.I. 52).

II. **FACTUAL BACKGROUND**

   A. **Merchant & Gould Previously Represented Illumina On Related Patent Matters.**

In 2005 and 2006, Merchant & Gould represented Illumina in a patent prosecution matter relating to DNA microarray technology, and specifically involving a patent application on which an interference proceeding was later declared. The Illumina patent application was U.S. Patent Application 10/264,574 (the '574 Application), entitled "Detection of Nucleic Acid Reactions on Bead Arrays." (Ex. 1) The '574 Application was filed in October 2002 and originally named Drs. Mark Chee, John Stuelpnagel, and Kevin Gunderson as inventors. (*Id.*)

**REDACTED**

The '574 Application specifically discloses the concept of using IBL-DBL binding pairs:

[0561] In some embodiments, the microspheres may additionally comprise identifier binding ligands for use in certain decoding systems. By "identifier binding ligands" or "IBLs" herein is meant a compound that will specifically bind a corresponding decoder binding ligand (DBL) to facilitate the elucidation of the identity of the capture probe attached to the bead. That is, the IBL and the corresponding DBL form a binding partner pair. By "specifically bind" herein is meant that the IBL binds its DBL with specificity sufficient to differentiate between the corresponding DBL and other DBLs (that is, DBLs for other IBLs), or other components or contaminants of the system. The binding should be sufficient to remain bound under the conditions of the decoding step, including wash steps to remove non-specific binding. []

[0562] IBL-DBL binding pairs are known or can be readily found using known techniques. For example, when the IBL is a protein, the DBLs include proteins (particularly including antibodies or fragments thereof (FAbs, etc.)) or small molecules, or vice versa (the IBL is an antibody and the DBL is a protein). Metal ion-metal ion ligands or chelators pairs are also useful. Antigen-antibody pairs, enzymes and substrates or inhibitors, other protein-protein interacting pairs, receptor-ligands, complementary nucleic acids, and carbohydrates and their binding partners are also suitable binding pairs. []

3

(Ex. 1 at p. 47, ¶¶ 561-562; *see also id.* at ¶¶ 563-572 (discussing IBL/DBL binding pairs.))

**REDACTED**

**B.     Merchant & Gould's Current Representation Of Czarnik Against Illumina.**

Czarnik contends in the present case that Illumina should have named him as an inventor on certain of Illumina's patents. Czarnik's claim to inventorship results from his allegation that he invented a method of decoding arrays to identify bioactive agents called the Identifier Binding Ligand concept ("IBL/DBL Invention"). Czarnik claims that he invented the "IBL/DBL" concept and coined the term "IBL/DBL." He describes the "IBL/DBL Invention" as follows:

> [The invention] could be used to identify bioactive agents attached to the beads or microspheres. More particularly, the beads or microspheres can include IBLs that will specifically bind a corresponding DBL to facilitate the elucidation of the identity of the bioactive agent attached to the beads or microspheres. An IBL and corresponding DBL form a binding partner that is used to identify the location of each bioactive agent and decode the array.

(2nd Am. Cmplt. at ¶ 25, D.I. 52)

As a result of his alleged "IBL/DBL Invention", Czarnik claims that he should be named as an inventor on a broad scope of claims including those in U.S. Patents 6,429,027, 6,858,394, 6,998,274, and 6,544,732 (hereinafter the '027, '394, '274, and '732 patents, attached as Exs. 3-6). (2nd Am. Cmplt. at ¶¶ 50-51, 53-54, 63).[3] Illumina filed these patents in 1999-2002. Patent attorney Robin Silva was involved in the prosecution of each of these patents. The '027, '394, and '274 patents name Mark Chee, John Stuelpnagel, and Steven Auger as inventors, while the '732 patent names Mark Chee, Steven Barnard, and Chenfang Zhao as inventors. All four of

---

[3]  Czarnik did not claim inventorship of the '274 Patent in his Second Amended Complaint, but he did claim it in his interrogatory responses. (Czarnik's 4/20/2007 Resp. to Interrog. 1, attached as Ex. 2)

these patents disclose the *exact same description* of the "IBL/DBL Invention" that is included in the '574 Application. (*See* '027 Patent at 14:64-15:35; '394 Patent at 16:37-17:12; '274 Patent at 14:63-15:34; '732 Patent at 16:34-17:5).

Czarnik's discovery requests in this case further underscore the substantially related nature of Merchant & Gould's prior work for Illumina. For example, Czarnik has asked Illumina for all documents "involving or relating to IBL and/or DBL technology" and all documents "relating to the inventorship of the Illumina Patents including, without limitation, any evaluation, study, analysis, opinion, or consideration of any kind performed by Illumina, or on behalf of Illumina, relating to inventorship." (Czarnik's 4/27/2007 Reqs. for Prod. 39 and 56, attached as Ex. 7) These discovery requests, on their face, directly involve the patent application that Merchant & Gould previously worked on for Illumina. The substantial relationship between Merchant & Gould's work for and now against Illumina is plain to see.

### III. ARGUMENT

   **A. Delaware Law Precludes Merchant & Gould From Representing A Party Adverse to Illumina In A Matter That Is Substantially Related To Its Prior Representation Of Illumina.**

This Court has the inherent power to supervise the professional conduct of attorneys appearing before it, including the authority to disqualify an attorney. *See United States v. Miller*, 624 F.2d 1198, 1201 (3d Cir.1980). Third Circuit law applies to this motion to disqualify because attorney disqualification issues are not unique to patent law. *See In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1374 (Fed. Cir. 2001) (issues that are not unique to patent disputes are reviewed under regional circuit law); *Panduit Corp. v. All States Plastic Manuf. Co., Inc.*, 744 F.2d 1564, 1574-75 (Fed. Cir. 1984) (reviewing procedural issue regarding disqualification of counsel under regional circuit law).

In the Third Circuit, a court should disqualify an attorney when it determines, on the facts of a particular case, that disqualification is an appropriate means of enforcing the applicable disciplinary rule. *U.S. v. Miller*, 624 F.2d 1198, 1201 (3d. Cir. 1980). A court should also "consider the ends that the disciplinary rule is designed to serve and any countervailing policies, such as permitting a litigant to retain counsel of his choice and enabling attorneys to practice without excessive restrictions." *Id*.

Pursuant to Local Rule 83.6(d)(2), the District of Delaware has adopted the Model Rules of Professional Conduct. Rule 1.9(a) of the Model Rules of Professional Conduct provides that:

> [a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation.

Model Rules of Professional Conduct Rule 1.9(a) (1983).

In order to analyze a lawyer's conduct under Rule 1.9, a court must answer the following three questions: "(1) What is the nature and scope of the prior representation at issue; (2) what is the nature of the present lawsuit filed by the former client; and (3) in the course of the prior representation, might the client have disclosed to her attorney confidences which could be relevant to the present action and, in particular, could any such confidences be detrimental to the former client in the current litigation?" *Conley v. Chaffinch*, 431 F.Supp.2d 494, 496 (D. Del. 2006) (internal quotations and citations omitted). The moving party bears the burden of proving that there is a "substantial relationship" between the present and prior litigation. *Id*.

To meet the requirements of the third prong, the moving party is not required to show that, during the earlier representation, it actually disclosed matters to the attorney related to the instant case. Rather, "the former client need show no more than that the matters embraced within the pending suit are substantially related to the matters or cause of action wherein the

6

attorney previously represented the former client." *Webb v. E.I. Du Pont de Nemours & Co., Inc.*, 811 F.Supp. 158, 161 (D. Del. 1992) (internal citations omitted). In fact, "Courts *may assume* that during the course of the former representation confidences were disclosed to the attorney bearing on the subject matter of the representation without inquiring into their nature and extent." *Id.* (emphasis added) In sum, the applicable standard for ruling on a motion to disqualify is the "substantial relationship" test. *Conley*, 431 F.Supp.2d at 496.

### B. Merchant & Gould's Prior Representation Of Illumina Is Substantially Related To The Issues In The Present Case.

#### 1. There Is Substantial Overlap In Merchant & Gould's Prior Work For Illumina And The Issues In The Present Case.

There is substantial overlap between the substance of the prior matter in which Merchant & Gould represented Illumina and the present case. Both matters relate to the prosecution of Illumina's patents. Both matters involve Illumina's patents relating to its BeadArray technology. Both matters involve patents or patent applications that were prosecuted by the same patent prosecution counsel in an overlapping timeframe and name some of the same inventors, Mark Chee and John Stuelpnagel. Importantly, both the '574 Application at issue in Merchant & Gould's prior representation of Illumina and the four patents at issue in the present case both include a disclosure of the "IBL/DBL Invention." In fact, they disclose the *exact same description* of the IBL/DBL technology that forms the core of Czarnik's claim to inventorship at issue in this action.

**REDACTED**

7

**REDACTED**   Czarnik further alleges that Illumina made its inventorship determinations negligently or fraudulently. There is no doubt that the past and present matter are substantially related, and Merchant & Gould has now switched sides.

**REDACTED**

  2. **Merchant And Gould's Conflict Of Interest Could Become Even More Acute In The Future.**

Although the substantial relation between the former and current matters is more than meets the standard for disqualification, there is an additional reason why Merchant & Gould must be disqualified from this case. Because the specification of the '574 application contains the same IBL/DBL disclosure as the patents in the instant case, there is a chance that claims could be added in the future that would specifically include the IBL/DBL limitation. Under Czarnik's theories in this case, that would put the '574 application, and thus Merchant & Gould's prior work, squarely in the middle of this case. If not disqualified, the result could be that Merchant & Gould would be litigating *against Illumina* on the inventorship of a patent for which it provided legal advice *to Illumina* on the inventorship of that patent during its

prosecution. The fact that such a situation can possibly develop in the future provides a further reason to disqualify Merchant & Gould from representing Czarnik in the present matter.

IV.   CONCLUSION

For the foregoing reasons, Illumina respectfully requests that Merchant & Gould be disqualified from the case.

Dated: October 12, 2007

                /s/ Richard K. Herrmann
Richard K. Herrmann #405
Mary B. Matterer #2696
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

Mark A. Pals, P.C.
Marcus E. Sernel
KIRKLAND & ELLIS LLP
200 East Randolph Drive
Chicago, IL 60601
(312) 861-2000

*Counsel for Illumina, Inc.*