# EXHIBIT L

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| S1 | 109 | lizardi.in. | US-PGPUB; USPAT; EPO; JPO | AND | ON | 2005/09/14 10:49 |
| S2 | 15 | S1 and padlock | US-PGPUB; USPAT; EPO; JPO | AND | ON | 2005/09/14 11:10 |
| S3 | 3 | S2 and restriction | US-PGPUB; USPAT; EPO; JPO | AND | ON | 2005/09/14 11:07 |
| S4 | 6 | fire.in. and xu.in. | US-PGPUB; USPAT; EPO; JPO | AND | ON | 2005/09/14 12:04 |
| S5 | 15 | S2 and linker | US-PGPUB; USPAT; EPO; JPO | AND | ON | 2005/09/14 13:28 |
| S6 | 196 | (padlock adj probe) and restriction | US-PGPUB; USPAT; EPO; JPO | AND | ON | 2005/09/14 13:29 |
| S7 | 146 | S6 and array | US-PGPUB; USPAT; EPO; JPO | AND | ON | 2005/09/14 13:36 |
| S8 | 1189 | (rolling adj circle) and array | US-PGPUB; USPAT; EPO; JPO | AND | ON | 2005/09/14 13:58 |
| S9 | 997 | S8 and restriction | US-PGPUB; USPAT; EPO; JPO | AND | ON | 2005/09/14 13:37 |
| S10 | 930 | S9 and cleav$4 | US-PGPUB; USPAT; EPO; JPO | AND | ON | 2005/09/14 13:38 |
| S11 | 924 | S10 and fragment | US-PGPUB; USPAT; EPO; JPO | AND | ON | 2005/09/14 13:38 |
| S12 | 152 | array and (common near restriction) | US-PGPUB; USPAT; EPO; JPO | AND | ON | 2005/09/14 13:59 |
| S13 | 1 | "6355431".pn. | US-PGPUB; USPAT; EPO; JPO | AND | ON | 2005/09/14 14:27 |

# EXHIBIT M



 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/264,574 | 10/04/2002 | Kevin Gunderson | 039751.0302989 | 4126 |

7590    09/23/2005

Pillsbury Winthrop LLP
Intellectual Property Group
11682 El Camino Real
Suite 200
San Diego, CA  92130

| EXAMINER |
|---|
| CROW, ROBERT THOMAS |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1634 | |

DATE MAILED: 09/23/2005

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

| | Application No. | Applicant(s) | |
|---|---|---|---|
| ***Office Action Summary*** | 10/264,574 | GUNDERSON ET AL. | |
| | Examiner | Art Unit | |
| | Robert T. Crow | 1634 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.

- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>04 October 2002</u>.

2a)☐ This action is **FINAL**.      2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>15-22</u> is/are pending in the application.

4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>15-22</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☒ The specification is objected to by the Examiner.

10)☒ The drawing(s) filed on <u>28 April 2003</u> is/are: a)☒ accepted or b)☐ objected to by the Examiner.

Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

a)☐ All   b)☐ Some * c)☐ None of:

1.☐ Certified copies of the priority documents have been received.

2.☐ Certified copies of the priority documents have been received in Application No. _____.

3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

* See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☒ Information Disclosure Statement(s) (PTO-1449 or PTO/SB/08) Paper No(s)/Mail Date <u>5/3/04, 4/8/04</u>.

4)☐ Interview Summary (PTO-413) Paper No(s)/Mail Date. _____ .

5)☐ Notice of Informal Patent Application (PTO-152)

6)☐ Other: _____ .

Application/Control Number: 10/264,574                                    Page 2
Art Unit: 1634

## *Preliminary Amendment*

The Preliminary Amendments of 4 October 2002 and 21 April 2003 are acknowledged. The amendments have been entered. Claims 1-14 have been cancelled. Currently, claims 15-22 are under prosecution.

## *Priority*

1.    In papers of 4 October 2002, applicant claims benefit of 60/160,027. This application number is not consistent with PTO records. Appropriate correction is required.

2.    Applicant's claim for domestic priority under 35 U.S.C. 119(e) is acknowledged. However, the Provisional Applications, upon which priority is claimed, do not provide adequate support under 35 U.S.C. 112 for claims 15-36 of this application. The instant claims are drawn to padlock probes. The Provisional Applications neither teach nor describe padlock probes. Therefore, the effective filing date for the instant claims is the filing date of parent application of 09/553,993; i.e., 20 April 2000.

## *Specification*

1.    The title of the invention is not descriptive. A new title is required that is clearly indicative of the invention to which the claims are directed. It is suggested that the new title incorporate the term "padlock probes" or an equivalent designation.

2.    The disclosure is objected to because of the following informalities: On page 26, line 17, it is stated, "A preferred embodiment utilizes a thermal step, generally by

Application/Control Number: 10/264,574                                Page 3
Art Unit: 1634

raising the temperature of the reaction to about 9500, although pH changes and other

techniques may also be used."   The presumed temperature is 95°C.  Appropriate

correction is required.

### Claim Rejections - 35 USC § 112

The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly
> claiming the subject matter which the applicant regards as his invention.

1.      Claims 18 and 19 recite the limitation "said detection sequence" (line 1 of each of

claims 18 and 19).  There is insufficient antecedent basis for this limitation in claim 15,

which recites "a detection position" (line 4 of claim 15).

### Claim Rejections - 35 USC § 103

The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

Claims 15-22 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Lizardi (U.S. Patent No. 5,854,033, issued 29 December 1998) in view of Fire et al (U.S.

Patent No. 5,648,245, issued 15 July 1997).

Application/Control Number: 10/264,574                                   Page 4
Art Unit: 1634

Regarding claim 15, Lizardi teaches a composition comprising a padlock probe

hybridized to a target sequence wherein said target sequence comprises: a first domain,

and a second domain (Figures 1 and 5 and column 3, lines 37-40), as well as a detection

position (e.g., a gap oligonucleotide; Figure 8 and column 4, lines 5-6); wherein said

padlock probe comprises a first end of said padlock probe that is complementary to said

first domain of said target sequence and a second end of said padlock probe that is

complementary to said second domain of said target sequence (Figures 1 and 5 and

column 3, lines 37-40), and a binding site for a primer (Figure 5). Lizardi also teaches a

probe with an adapter (e.g., a "detection tag [or secondary target], Figure 5; ) that are

complementary to and can bind to a array (e.g., a detection probe; column 7, lines 8-10).

Finally, while Lizardi teaches detection tags/secondary targets, Lizardi does not teach a

cleavage site.

However, Fire et al teach padlock probes for detecting target samples in a sample

wherein each target sequence comprises first and second target domains, and the

padlock probes comprise: a first probe sequence complementary to the first target

domain, a second probe sequence complementary to the second target domain; a

priming site within said probe; and a restriction site within said probe (column 23, lines

33-37); wherein the restriction site provides for target characterization (column 5, lines

36-37) and amplification (column 7, line 35-50).

It would therefore have been obvious to one of ordinary skill in the art at

the time the invention was claimed to combine the padlock probes as taught by Lizardi

Application/Control Number: 10/264,574                                      Page 5
Art Unit: 1634

with the restriction-site containing padlock probes as taught by Fire and Xu wherein the

restriction site provides for target characterization (column 5, lines 36-37) and

amplification (column 7, line 35-50).

Regarding claim 16, Lizardi teaches a composition of claim 15 wherein the probe

comprises an internally positioned adapter sequence (e.g., a "detection tag [or

secondary target], Figure 5 and column 7, lines 8-10).

Regarding claim 17, Lizardi teaches the composition of claim 15 with an internal

primer binding site (e.g., a primer complement; Figure 5), wherein said primer can be

extended by polymerase (e.g., the primer complement portion is complementary to the

rolling circle primer; column 6, lines 49-51) and wherein the primer site, cleavage site,

and adapter sequence can be in any order (e.g., the primer complement can be located

anywhere in the open circle primer [OCP]; column 6, lines 63-64).

Regarding claim 18, Lizardi teaches the composition of claim 15 wherein the

detection sequence is comprised within either the first or second domain (e.g., the

probe hybridizes to a to a target sequence; column 2, lines 57-58).

Regarding claim 19, Lizardi teaches the composition of claim 15 wherein the

detection sequence is between the first and second domains (Figure 5).

Regarding claim 20, Lizardi teaches a composition comprising a plurality of

species of padlock probes hybridized to target sequences (e.g., multiplex assays;

Abstract, lines 30-32), wherein each species of target sequence comprises a first

domain, and a second domain (Figures 1 and 5 and column 3, lines 37-40), as well as a

Application/Control Number: 10/264,574                                    Page 6
Art Unit: 1634

detection position (e.g., a gap oligonucleotide; Figure 8 and column 4, lines 5-6);

wherein said padlock probe comprises a first end of said padlock probe that is

complementary to said first domain of said target sequence and a second end of said

padlock probe that is complementary to said second domain of said target sequence

(Figures 1 and 5 and column 3, lines 37-40), and a binding site for a primer (Figure 5).

Lizardi also teaches a probe with an adapter (e.g., a "detection tag [or secondary

target], Figure 5; ) that are complementary to and can bind to a array (e.g., a detection

probe; column 7, lines 8-10), wherein the adapter is defined in the specification of the

instant application as a sequence of the primer that "is contacted with an array of the

invention, to allow detection of the presence of the modified primer (Specification page

12, lines 20-21)."  Lizardi also teaches a padlock probe with ends complementary to

said first domain and said secondary domain of a species of target sequence (Figure 1

and column 6, lines 12-13).  In addition, Lizardi teaches internal adapters that are

distinguishable from internal adapters comprised in other species of padlock probes

(e.g., each TS-DNA [e.g., tandem sequence DNA within the probe but outside of the

target probe complements; Figure 6 and column 3, lines 56-62] has a unique detection

tag; column 23, lines 31-34).  Finally, while Lizardi teaches detection tags/secondary

targets, Lizardi does not teach a cleavage site.

However, Fire et al teach padlock probes for detecting target samples in a sample

wherein each target sequence comprises first and second target domains, and the

padlock probes comprise: a first probe sequence complementary to the first target

Application/Control Number: 10/264,574                                          Page 7
Art Unit: 1634

domain, a second probe sequence complementary to the second target domain; a

priming site within said probe; and a restriction site within said probe (column 23, lines

33-37); wherein the restriction site provides for target characterization (column 5, lines

36-37) and amplification (column 7, line 35-50).

It would therefore have been obvious to one of ordinary skill in the art at

the time the invention was claimed to combine the multiplex assay designed padlock

probes as taught by Lizardi with the restriction-site containing padlock probes as taught

by Fire and Xu wherein the restriction site provides for target characterization (column

5, lines 36-37) and amplification (column 7, line 35-50) of the multiplex assay complexes.

Regarding claim 21, Lizardi teaches the composition of claim 20 wherein each

padlock probe has an identical priming site (e.g., each OCP has a single primer

complement portion; Figure 5 and column 6, lines 51-52).

Regarding claim 22, Fire et al teach the composition of claim 20 wherein each

padlock probe comprises a cleavage site that is identical in all members of the plurality

of species of padlock probes (e.g., the probes zf 42 and zf43 differ by 10 base pairs but

both have a Sty I site; Figure 3 and column 4, lines 3-8).

*Conclusion*

No claims are allowed.

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Robert T. Crow whose telephone number is (571) 272-

Application/Control Number: 10/264,574                                          Page 8
Art Unit: 1634

1113.  The examiner can normally be reached on Monday through Friday from 8:00 am

to 4:30 pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Gary Jones can be reached on (571) 272-0745.  The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the

Patent Application Information Retrieval (PAIR) system.  Status information for

published applications may be obtained from either Private PAIR or Public PAIR.

Status information for unpublished applications is available through Private PAIR only.

For more information about the PAIR system, see http://pair-direct.uspto.gov. Should

you have questions on access to the Private PAIR system, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free).

Robert T. Crow
Examiner
Art Unit 1634

BJ FORMAN, PH.D.
PRIMARY EXAMINER